[Civ. No. 3659. Fifth Dist. Nov. 1, 1979.]

GERALDINE DUGGAN, Plaintiff and Appellant, v.
FREDERICK MOSS, JR., Defendant and Respondent.

**COUNSEL**

Stephen Warren Solomon and William J. Ramey for Plaintiff and Appellant.

King, Eyherabide, Anspach, Friedman & Robinson and Gary T. Friedman for Defendant and Respondent.

**OPINION**

**ZENOVICH, J.**—Appellant appeals from the trial court's judgment dismissing her complaint for failure to comply with a discovery order. After the dismissal, appellant did not seek relief from the trial court, either by means of a motion pursuant to Code of Civil Procedure section 473 or otherwise.

Appellant filed a complaint for personal injuries on September 29, 1975. On December 7, 1976, respondent filed and served upon appellant exhaustive, form written interrogatories pursuant to Code of Civil Procedure section 2030. The interrogatories comprised some 25 pages and 113 questions, not including subparts. On June 10, 1977, respondent filed and served by mail upon appellant's counsel a notice of motion for order compelling answers to interrogatories. The motion was set for June 27, 1977. Appellant's counsel did not appear at the motion hearing. Respondent's counsel noted that the previous week he had rejected a request for a continuance of the hearing. On June 30, 1977, the trial court ordered in pertinent part:

"It Is Hereby Ordered that plaintiff, Geraldine Duggan, pay the sum of $150.00, as and for sanctions on or before July 10, 1977; and

"It Is Also Ordered that plaintiff, Geraldine Duggan, submit her Answers to Interrogatories on or before July 10, 1977; and if the sum of $150.00 is not paid on or before said July 10, 1977, and plaintiff's Answers to Interrogatories have not been filed and served on or before said July 10, 1977, that said Complaint shall be dismissed."

On July 11, 1977, counsel for both parties were present before the trial court on respondent's motion for order compelling plaintiff to submit to further physical examination. The motion was submitted and thereafter granted. The reporter's transcript of said motion, which was heard the day after the answers to the interrogatories were due pursuant to order, contains no reference to the present status of the answers to interrogatories.

Thereafter, respondent's counsel filed with the trial court a "declaration in support of judgment of dismissal pursuant to Code of Civil Procedure section 2034." According to the declaration: "To date, Attorney Ramey has not contacted this office, nor has the plaintiff contacted this office, concerning the payment of said sanctions. *Attorney Ramey did indicated [sic] to the undersigned on July 11, 1977, that he was working on said Answers to Interrogatories at the present time, but to date, said Answers have not been filed,* nor have sanctions been received, and in view of the plaintiff's counsel's wilful failure to comply with the above order, it is hereby respectfully requested that the above action be dismissed, with prejudice, that costs be awarded defendant herein, together with all previously imposed sanctions." (Italics added.)

On July 18, 1977, based on the ex parte declaration of respondent's counsel and its own review of the file, which revealed that the answers had not yet been filed, the trial court: "...Ordered that plaintiff's Complaint be stricken and the above entitled action be dismissed with prejudice for plaintiff's *wilful failure* to comply with the Court's June 30, 1977 discovery orders, and that defendant herein ordered its costs of suit to be substantiated by memorandum of costs, and that said defendant also be awarded the previously imposed sanctions of $150.00, together with the sanctions imposed in the Court's July 11, 1977, Or-

der, mainly $250.00, together with an additional $60.00 as reimbursement for Dr. Albin's bill for the plaintiff's missed appointment." (Italics added.) Appellant's answers were filed the next day; attached to the answers was a proof of service showing that copies had been served by mail on respondent's counsel on July 18, 1977. The answers comprised some 11 typewritten pages. Attached to the answers were some nine pages of photocopies of receipts for medication. While certain interrogatories were answered "not applicable," not one objection was interposed to any interrogatory or any subpart thereof. It might be noted that respondent has not suggested that the answers were substantially inadequate or in bad faith.

■ Appellant contends in her opening brief that the record leaves no doubt that she actively prosecuted the action and that the sole basis for the dismissal was a "technical defect" caused by the mistake, surprise, inadvertence, or excusable neglect of her counsel. The problem is that, as to the allegedly excusable nature of the neglect, appellant relies entirely on affidavits included within appellant's opening brief and never presented to the trial court. In other words, appellant relies on matters not properly part of the appellate record. As respondent notes, appellant's opening brief flagrantly violates the Rules of Court. (See Cal. Rules of Court, rules 13, 15.) In passing upon appellant's contention, we must disregard the affidavits in question as well as all statements of fact not supported by matters within the appellate record.

There is no record support for the contention that the interrogatory answers were not filed by July 10, 1977, due to the excusable neglect of appellant's counsel. Therefore, we must reject this contention.

In the course of reviewing the record and briefs herein, this court became aware of other, substantial issues which had not been briefed. By letter of June 20, 1979, this court wrote respective counsel and requested supplemental concurrent briefs on these issues: "(1) Was the initial order of June 27, 1977, valid or invalid insofar as it provided for dismissal of the action in the event said order was not complied with? (2) Was the July 18, 1977, dismissal valid or invalid in light of the fact that it was procured ex parte and without a noticed hearing after the alleged violation of the June 27, 1977, order? (3) Did the trial court abuse its discretion in dismissing the action on July 18, 1977, without considering appellant's explanation, if any, for its [*sic*] failure to comply with the July 27, 1977, order?"

On July 11, 1979, the parties filed their respective concurrent supplemental briefs which addressed these issues.

California Code of Civil Procedure section 2034, subdivision (a) provides, in substance,[1] that when a party refuses or fails to answer any interrogatory, its proponent may, on specified notice, apply for an order compelling an answer. If the court grants the motion and finds that the refusal or failure was without substantial justification, the court may award reasonable expenses incurred in obtaining the order, including reasonable attorney's fees.

Section 2034 further provides, in pertinent part: "(b) (1) The court may punish as a contempt. . .(iii) the refusal of any person to obey any order made by the court under subdivision (a) of this section.

"(2) If any party. . .refuses to obey an order made under subdivision (a) of this section. . ., the court may make such orders in regard to the refusal as are just, and among others the following:

" . . . . . . . . . . . . . .

"(iii) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeeding or any part thereof, or rendering a judgment by default against the disobedient party;

" . . . . . . . . . . . . . .

"(d). . .[I]f a party. . .willfully fails to serve answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees."

---

[1]Since the date of the proceedings herein, subdivision (a) was amended in 1978 in a manner inconsequential to the determination of the issues in this case.

In *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771 [149 Cal.Rptr. 499], the court exhaustively discussed the subject of sanctions for failure to answer interrogatories and, in particular, discussed Code of Civil Procedure section 2034, subdivisions (a), (b) and (d). With regard to the latter subdivision, the court stated: "Where no answers or objections are on file when the motion is made, the court may entertain the motion for sanctions under section 2034, subdivision (d). No order compelling further answers is required. '[T]he unsuccessful imposition of a lesser sanction is not an absolute prerequisite to the utilization of the ultimate sanction authorized by subdivision (d) of section 2034.' [Citation.] Indeed, there is no question of the power of the court to apply the ultimate sanction of default against a litigant who persists in an outright refusal to comply with his discovery obligations. [Citation.]

"Before any sanctions may be imposed under section 2034, subdivision (d), there must be an *express finding* that there has been a willful failure of the party or the attorney to serve the required answers. [Citations.]" (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at p. 787, fn. omitted.)

Since the trial court made no express finding that appellant had willfully failed to serve answers, it follows that if the orders of June 30 and July 18 are to be upheld, respondent must rely, as indeed he does, on the provisions of subdivision (b). With regard to that subdivision, the *Deyo* court stated: "Attorneys fees and expenses may be awarded when a motion to compel is granted. No other sanctions are authorized at that time. The sanctions provided in subdivision (b) of section 2034 apply *only* when the party refuses to obey an order made requiring further responses. [Citation.]" (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at p. 789, fn. omitted.)

The June 30, 1977, order was authorized by the statute insofar as it compelled appellant to file answers by July 10, 1977, and to pay attorney's fees as sanctions. However, insofar as the trial court authorized at that time the sanction of dismissal upon the occurrence of certain events, the order exceeded the trial court's jurisdiction. Appellant had not, as of June 30, 1977, refused to obey the trial court's order compelling the filing of answers. The trial court was not authorized to impose further sanctions, even though the sanctions were conditional in form.

Subdivision (a) provides for a motion to compel answers, which, if granted, may lead to an order compelling answers, plus, in certain in-

stances, attorney's fees and expenses. Subdivision (b) provides for further consequences in a follow-up order, in the event that the subdivision (a) order is disobeyed. The statute contemplates separate orders, the order under subdivision (b) occurring only at such time that a party in fact has refused to obey an earlier subdivision (a) order.

The court may *make* additional orders *if* any party refuses to obey the prior order. The statute does *not* state that the court may, without any prior disobedience, make the additional orders under subdivision (b), as long as the sanctions are in conditional form. The prior disobedience is a condition precedent to the making of the subdivision (b) order, not to the execution of the sanctions.

That this is the case is borne out by the language that "the court may make such orders in regard to the refusal as are just." It is difficult to conceive of how any order for additional sanctions could be just which occurred prior to the refusal to comply and, therefore, without any input into the circumstances of the as yet prospective noncompliance. As stated in *Deyo, supra*: "The penalty should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery. Where a motion to compel has previously been granted, the sanction should not operate in such a fashion as to put the prevailing party in a better position than he would have had if he had obtained the discovery sought and it had been completely favorable to his cause." (*Deyo v. Kilbourne, supra,* 84 Cal.App.3d at p. 793.)

With regard to the ultimate sanction of dismissal, the *Deyo* court explained: "The sanction of dismissal or the rendition of a default judgment against the disobedient party is ordinarily a drastic measure which should be employed with caution. [Citation.] However, there is no question that a court is empowered to apply the ultimate sanction against a litigant who persists in the outright refusal to comply with his discovery obligations. [Citations.] The refusal to reveal material evidence is deemed to be an admission that the claim or defense is without merit. [Citations.]

"Dismissal is not authorized when it is established that the failure to comply has been due to inability, and not to the willfulness or bad faith, or any fault of the party previously ordered to comply....

" . . . . . . . . . . . . . . .

"While sanctions are discretionary, the term judicial discretion implies absence of arbitrary determination, capricious disposition, or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. To exercise the power of judicial discretion, all the material facts must be known and considered, together also with the legal principles essential to an informed, intelligent and just decision. [Citation.] Therefore, the court must examine the entire record in determining whether the ultimate sanction should be imposed. [Citations.]

"In exercising this discretion, a variety of factors may be relevant, including, 1) the time which has elapsed since interrogatories were served, 2) whether the party served was previously given a voluntary extension of time, 3) the number of interrogatories propounded, 4) whether the unanswered questions sought information which was difficult to obtain, 5) whether the answers supplied were evasive and incomplete, 6) the number of questions which remain unanswered, 7) whether the questions which remain unanswered are material to a particular claim or defense, 8) whether the answering party has acted in good faith, and with reasonable diligence, 9) the existence of prior orders compelling discovery and the answering party's response thereto, 10) whether the party was unable to comply with the previous order of the court, 11) whether an order allowing more time to answer would enable the answering party to supply the necessary information, and, 12) whether a sanction short of dismissal or default would be appropriate to the dereliction.

"Of course, each case must be decided on its own facts and, while lesser sanctions are normally imposed, the ultimate sanction is permissible where the litigant persists in refusing to comply with his discovery obligations." (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at pp. 793-794, 796-797, fns. omitted.)

From the above, we conclude that insofar as the June 30, 1977, order purported to provide for dismissal in the event of disobedience thereto, it exceeded the trial court's jurisdiction. ■ Since the basis for the July 18, 1977, order of dismissal was the occurrence of the conditions specified in the invalid portion of the June 30 order, the July 18, 1977, dismissal order was itself invalid.

The order of dismissal was invalid on the alternative basis that the trial court failed to consider all the relevant circumstances. Clearly, the

sole basis for the dismissal was the appellant's nonfiling of answers. Applying the general principles articulated in the *Deyo* case, the trial court should have considered as militating against dismissal: the voluminous nature of the interrogatories, the fact that the parties had at one point apparently agreed to settle the case, the fact that appellant had to a certain extent cooperated, though not totally, with earlier discovery requests, the fact that respondent had himself delayed several months in answereing appellant's interrogatories, the fact that appellant's counsel had requested a continuance of the June 27 hearing and had, as of July 11, 1977, indicated he was working on the answers. The record clearly indicated the need to afford appellant a chance through a noticed hearing to explain the current status of her efforts to answer, her reasons for missing the July 10, 1977, deadline, and the like. On the facts of this case, the trial court abused its discretion.

The judgment is reversed.

Brown (G. A.), P. J., and Fretz, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.