[No. G031282. Fourth Dist., Div. Three. Apr. 5, 2005.]

SOLE ENERGY COMPANY et al., Plaintiffs and Respondents, v. MORRIS V. HODGES et al., Defendants and Appellants.

## Counsel

Brady, Vorwerck & Ryder, Ravi Sudan and James Brady for Defendants and Appellants Morris V. Hodges, Hillcrest Beverly Oil Corporation and Kaymor Petroleum Products.

Law Offices of Norman Rasmussen, Norman Rasmussen; Blumberg Law Corporation and Ave Buchwald for Defendant and Appellant Nevadacor Energy, Inc.

Hornberger & Brewer, Nicholas W. Hornberger and James F. Lindsay for Plaintiffs and Respondents.

## Opinion

**FYBEL, J.—**

### Introduction

The trial court entered the defaults of four defendants as a sanction for their discovery abuses. Default judgment was entered against them in an amount exceeding $27 million, and the defendants appealed.

We reverse the judgment because the defendants did not receive notice their defaults might be entered as a discovery sanction and were not provided an opportunity to be heard on the matter. The defendants were denied due process because sanctions for the abuse or misuse of discovery may not be awarded ex parte. (Code Civ. Proc., § 2023, subd. (b).) The notice of motion for the discovery sanctions was also deficient. (*Id.*, § 2023, subd. (c).) Thus, the orders entering the defendants' defaults and the subsequent default judgment are void.

FACTS AND PROCEDURAL HISTORY

### I. *The Original Complaint*

On May 25, 2000, Sole Energy Company, a Texas corporation (Sole Energy Corporation), filed a verified complaint asserting causes of action for intentional interference with contractual relations, intentional interference with prospective economic advantage, fraud, and breach of contract. The named defendants were Petrominerals Corporation (Petrominerals), Morris V. Hodges, Daniel H. Silverman, Nevadacor Energy, Inc. (Nevadacor), Kaymor Petroleum Products (Kaymor), and Hillcrest Beverly Oil Corporation (HBOC). For this appeal, Hodges, HBOC, Kaymor, and Nevadacor are referred to collectively as defendants.

The complaint was based on a letter of intent dated December 16, 1999, from Sole Energy Company, LLC, to Nevadacor. (Sole Energy Company, LLC, was a precursor to Sole Energy Corporation, and was never formed as a limited liability company.) The letter of intent proposed an entity identified as Sole Energy Company purchase from Nevadacor the stock and oil- and gas-related assets of HBOC.

Defendants answered and eventually filed a motion for summary judgment. They argued in their motion that Sole Energy Corporation, which was formed on December 30, 1999, could not assert any claims arising out of the December 16 letter of intent. The trial court granted the motion for summary judgment. The order granting summary judgment and the judgment were entered on September 19, 2001.

On the same day, Sole Energy Corporation filed a motion for reconsideration. On September 20, 2001, Sole Energy Corporation filed a motion for leave to file an amended complaint, which would name four new proposed plaintiffs: Sole Energy Company, a partnership (Sole Energy Partnership); Thomas A. Swaney; Richard F. Borghese; and Harwood Capital Corporation (collectively referred to as plaintiffs). The trial court deemed the motion for reconsideration to be a motion for a new trial, granted it, and granted the

motion for leave to amend. Defendants, along with Petrominerals and Silverman, appealed from the order granting a new trial and the order granting leave to amend. (That appeal is the subject of the opinion in the companion case, *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187 [26 Cal.Rptr.3d 790] (*Sole Energy I*).)

## II. *The First Amended Complaint*

Plaintiffs' first amended complaint was filed on December 6, 2001. Petrominerals and Silverman moved for a stay of proceedings in light of the pending appeal. Hodges, HBOC, and Kaymor joined in the motion. On March 8, 2002, the trial court (1) stayed further proceedings involving Sole Energy Corporation only; (2) ruled the first amended complaint could proceed as to the newly added plaintiffs; (3) ordered defendants to answer the first amended complaint by April 2, 2002; and (4) set a trial date of July 22, 2002.

Nevadacor answered the first amended complaint. Hodges, HBOC, and Kaymor did not answer. (Petrominerals and Silverman also answered the first amended complaint, but are not parties to this appeal.)

## III. *HBOC and Kaymor Discovery Dispute*

On May 10, 2002, plaintiffs noticed the depositions of HBOC and Kaymor through their persons most knowledgeable. HBOC and Kaymor failed to appear at the depositions. On May 28, plaintiffs applied ex parte for orders shortening time for a hearing on motions to compel HBOC's and Kaymor's depositions. The motions sought orders compelling attendance and production of documents at the depositions. Each motion sought sanctions of $2,921 against HBOC, Kaymor, and their counsel.

HBOC and Kaymor failed to appear at the ex parte hearing. The trial court granted the orders shortening time for a hearing on the motions.

On June 7, 2002, the trial court (1) granted the motions to compel HBOC's and Kaymor's depositions; (2) ordered HBOC and Kaymor to appear for their depositions on June 14, 2002; (3) ordered HBOC and Kaymor to produce the documents requested without objection; and (4) imposed $750 in sanctions against HBOC and Kaymor, but not against their counsel. The written orders state: "Failure to appear & produce will result in sanctions."

Despite the trial court's orders, HBOC and Kaymor again failed to appear for their depositions on the ordered date. On June 18, 2002, plaintiffs again applied ex parte for orders shortening time for a hearing on motions to

compel HBOC and Kaymor to attend their depositions and produce documents, and for sanctions. In the application relating to HBOC, plaintiffs asked the court to shorten the time and order the motion for sanctions to be heard "immediately." In the application relating to Kaymor, plaintiffs asked the court to hear the motion within 10 days of the ex parte application.

The court granted the applications, shortened the time, and conducted the hearing on plaintiffs' request for sanctions. As a sanction, the court ordered stricken the answers of Hodges, HBOC, and Kaymor, and ordered the entry of their defaults.

The declarations submitted in connection with the ex parte applications stated: "I gave notice to opposing counsel as [set] forth hereinbelow that attorneys for Plaintiffs would be appearing on June 18, 2002, at 8:30 a.m. in the Orange County Superior Court, in Department C-13, making Ex Parte Application for an Order Shortening Time for Motions for sanctions against Defendants Hillcrest Beverly Oil Corporation and Kaymor Petroleum Products and Blumberg Law Corporation; and for Monetary Sanctions in the Sum of $890.00 against Defendant Hillcrest Beverly Oil Corporation and Blumberg Law Corporation, its Counsel of Record, for Failure to obey a Court order compelling attendance and production of documents at deposition." On June 18, 2002 (the day the court entered ex parte the defaults of Hodges, HBOC, and Kaymor), plaintiffs served defendants' counsel by mail with the motions to compel and for sanctions against HBOC and Kaymor. In the motions, plaintiffs stated they were seeking monetary sanctions and, in the memorandum of points and authorities, advised the court it could also consider issue preclusion or terminating sanctions.[1]

A written order striking the answers of Hodges, HBOC, and Kaymor and entering their defaults was entered on June 28, 2002. Hodges, HBOC, and Kaymor had not answered the first amended complaint, so the portion of the order striking their answers was moot.

---

[1] Each notice of motion read, "Plaintiffs . . . will move this Court for, sanctions against Defendant . . . and for Monetary Sanctions in the Sum of $890.00 against Defendant . . . for Failure to obey a Court order compelling attendance and production of documents at deposition, as well as an Order compelling deposition and production of documents." The memoranda of points and authorities attached to the motions include the following: "While monetary sanctions are authorized for [defendant]'s actions, at this juncture, monetary sanctions alone will be insufficient to compensate Plaintiffs for the detriment occasioned by the act. [¶] The *Code of Civil Procedure Section 2023* authorizes additional, more severe sanctions for disobeying an order to provide discovery, including evidence sanctions and terminating sanctions. [¶] Plaintiffs respectfully request that this Court seriously consider imposing these more severe sanctions against [defendant], and its right to do so is within its discretion."

A default prove-up hearing was held July 17, 2002. On July 25, the trial court entered default judgments against Hodges, HBOC, and Kaymor.

### IV. *Nevadacor Discovery Dispute*

On May 10, 2002, Swaney served a request for production of documents on Nevadacor. Nevadacor failed to produce the documents, which were due June 10, 2002.

On July 2, 2002, plaintiffs filed two ex parte applications: (1) an application for an order shortening time for a hearing on a motion to compel Nevadacor to produce documents and "for Sanctions"; and (2) an application for an order extending the time for a hearing on a motion to compel Nevadacor to produce documents and "for Sanctions." Neither application identified the specific sanction sought.

The trial court granted neither application. Instead, on July 3, 2002, the court entered the following order: "Defendant *NEVADACOR ENERGY, INC.* through its counsel, Norman Rasmussen, is ordered to personally appear at *8:30 a.m.* on *JULY 16, 2002* in *Dept. C-13* of the Orange County Superior Court and to bring with him the following documents."[2] The documents ordered to be brought to court were those showing HBOC's and Kaymor's net operating incomes. The record does not contain a motion to compel or any documents requesting or justifying any particular sanction against Nevadacor.

Nevadacor's attorney did not appear at the hearing on July 17, 2002. The trial court ordered Nevadacor's answer stricken.[3] A formal order was entered July 25, 2002, striking Nevadacor's answer and directing the clerk of the court to enter Nevadacor's default nunc pro tunc to July 25.

### V. *The Postdefault Motions and Judgment*

Hodges, HBOC, and Kaymor moved to modify the default judgments and to vacate the orders of June 7, 19 and 28, 2002. They argued that because the

---

[2] On November 26, 2003, plaintiffs requested we take judicial notice of a confirmation of service of the July 3, 2002, order by facsimile. On December 17, 2003, we ordered the request to be decided in conjunction with the appeal. We deny the request because the facsimile confirmation is not of substantial consequence to the determination of this appeal or the tenor thereof (Evid. Code, § 459, subd. (d)), and does not appear to be the proper subject of judicial notice (*id.*, § 452).

[3] Nothing in the record on appeal explains why the July 3, 2002, order required counsel's appearance on July 16. The trial court nonetheless sanctioned Nevadacor for its counsel's failure to appear *on July 17.*

first amended complaint did not specify the amount of damages sought, the court could not award any damages against them, and therefore requested that the judgment be modified to award zero damages, or at most $100,000 because the first amended complaint alleged in the cause of action for fraud, "Plaintiffs . . . expended hundreds of thousands of dollars" conducting due diligence.

Plaintiffs moved to set aside the defaults and the default judgments, incorrectly believing a statement of damages was necessary to support them.[4] On September 19, 2002, the trial court denied the motion to modify and vacate, but granted plaintiffs' motion to set aside the defaults and default judgments. On September 27, Hodges, HBOC, and Kaymor filed a notice of appeal from the September 19 order.

Also on September 27, 2002, plaintiffs served statements of damages on defendants. On November 18, the defaults of defendants were entered again. Plaintiffs immediately filed a brief in support of court judgment after default by affidavits. On January 3, 2003, the court entered a default judgment against defendants. The default judgment awarded damages of $27,015,416.29.[5]

Defendants filed motions for a new trial, to vacate and set aside defaults and default judgment, and for relief under Code of Civil Procedure section 473, subdivisions (b) and (d). The court denied each of these motions.

Plaintiffs filed a memorandum of costs, and defendants filed a motion to tax costs. The court denied the motion to tax costs.

Defendants timely appealed from the default judgment, the order denying the motions for a new trial, the order denying the motion to vacate and set

---

[4] Plaintiffs' attempt to correct the first amended complaint's lack of any claim for damages through service of a statement of damages provides an alternate ground for reversal. Statements of damages are used only in personal injury and wrongful death cases, in which the plaintiff may not state the damages sought in the complaint. (Code Civ. Proc., § 425.11.) In all other cases, when recovering damages in a default judgment, the plaintiff is limited to the damages specified in the complaint. (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167 [276 Cal.Rptr. 290, 801 P.2d 1041]; *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 864–865 [121 Cal.Rptr.2d 695].)

Here, plaintiffs' first amended complaint did not specify any amount of damages. If plaintiffs could remedy that failure through service of a statement of damages after entry of default, the statement of damages would serve as the functional equivalent of an amendment to the complaint, which would open the defaults. (*Cole v. Roebling Construction Co.* (1909) 156 Cal. 443, 446 [105 P. 255]; *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1743 [33 Cal.Rptr.2d 391].)

[5] The trial court awarded Harwood Capital Corporation $12,098,416.29 in compensatory damages and $5,000,000 in punitive damages; awarded Borghese $4,581,000 in compensatory damages and $5,000,000 in punitive damages; and awarded Swaney $336,000 in compensatory damages. All damages were awarded jointly and severally against defendants.

aside the default and the default judgment, and the order denying the motion to tax costs. Plaintiffs filed a motion to dismiss the appeal from the September 19, 2002 order (appeal No. G031282) on a variety of grounds. One ground was the later appeals from the default judgment (appeal Nos. G032002 and G032102) subsumed the issues raised by appeal No. G031282. We agree, and for that limited reason dismiss appeal No. G031282.

DISCUSSION

### I. *The Defaults Are Void.*

■ A trial court may impose sanctions, including terminating sanctions, for a party's misuse of the discovery process, which includes disobedience of a court order. (Code Civ. Proc., § 2023, subds. (a)(7) & (b)(4).) As we discuss below, the sanction orders in this case violated due process and the requirements of Code of Civil Procedure section 2023. The trial court therefore abused its discretion in making the orders.

■ A basic rule of law and motion practice is the notice of motion "shall state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order." (Cal. Rules of Court, rule 311(a).) Notice of any motion must generally be provided 21 days before the date of the hearing. (Code Civ. Proc., § 1005, subd. (b).) Although that time may be shortened for good cause (*ibid.*), "[a]pplications for orders may not be ex parte if a statute or rule requires notice" (*O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961 [196 Cal.Rptr. 409]). When relief is sought by an ex parte application, the affected party must be given notice of the relief being sought, unless the applicant can show good cause for failing to do so. (Cal. Rules of Court, rule 379(e)(1) & (2).)

The statute authorizing sanctions for abuse or misuse of discovery requires notice: "To the extent authorized by the section governing any particular discovery method or any other provision of this article, *the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions* against anyone engaging in conduct that is a misuse of the discovery process." (Code Civ. Proc., § 2023, subd. (b), italics added.) The statute also provides specific guidelines as to what the notice of motion must contain: "A request for a sanction shall, in the notice of motion, identify every person, party, and attorney against whom the sanction is sought, and specify the type of sanction sought. The notice of

motion shall be supported by a memorandum of points and authorities, and accompanied by a declaration setting forth facts supporting the amount of any monetary sanction sought." (*Id.*, § 2023, subd. (c).)

■ Discovery sanctions may not be ordered ex parte, and an order purporting to do so is void. In *Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 6 [207 Cal.Rptr. 233], the appellate court concluded the portion of a discovery order conditionally authorizing a party to apply ex parte for monetary sanctions and conditionally ordering the award of those sanctions violated the notice requirements of the discovery statute and due process.

In *O'Brien v. Cseh, supra,* 148 Cal.App.3d 957, the appellate court reversed an order awarding sanctions under Code of Civil Procedure section 128.5 because the order had been issued based on an ex parte application. "Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions. [Citations.]" (*O'Brien v. Cseh, supra,* at p. 961.) "Plaintiff's rush to compel sanctions against defendant on an ex parte basis was a flagrant violation of due process principles. The California Supreme Court has ruled that due process requires fair warning and an opportunity to respond before penalties can be imposed for prosecution of a frivolous appeal. [Citation.] . . . [Citation.] Ex parte imposition of sanctions by a superior court, as in the case at bench, is equally offensive." (*Id.* at p. 962.)

In this case, HBOC and Kaymor did not receive any notice, much less adequate notice, that the trial court might impose a terminating sanction as a result of their discovery abuses. The only notice given HBOC and Kaymor was for an order shortening time on a motion to compel attendance and for monetary and other unspecified sanctions. Yet the court entered their defaults as a sanction. The procedures employed by plaintiffs and the court did not come close to comporting with due process, and did not comply with the requirements of Code of Civil Procedure section 2023, subdivision (c).

■ The insertion of the warning, "[f]ailure to appear & produce will result in sanctions" in the orders granting the motions to compel is ineffective to provide the necessary notice for imposing a discovery sanction. In *Duggan v. Moss* (1979) 98 Cal.App.3d 735, 737–738 [159 Cal.Rptr. 425], the trial court granted a motion to compel the plaintiff to answer interrogatories and awarded monetary sanctions. The order stated that if the plaintiff failed to

answer the interrogatories or pay the sanctions by July 10, 1977, the action would be dismissed. (*Id.* at p. 738.) The defendant moved ex parte for a judgment of dismissal, and supported the application with a declaration of the defendant's counsel stating neither responses to the interrogatories nor the monetary sanctions had been received. (*Ibid.*) As a sanction, the trial court struck the plaintiff's complaint and dismissed the action for the willful failure to comply with the court's discovery orders. (*Ibid.*)

The appellate court held the conditional dismissal sanction was in excess of the trial court's jurisdiction and was therefore void: "The June 30, 1977, order was authorized by the statute insofar as it compelled appellant to file answers by July 10, 1977, and to pay attorney's fees as sanctions. However, insofar as the trial court authorized at that time the sanction of dismissal upon the occurrence of certain events, the order exceeded the trial court's jurisdiction. Appellant had not, as of June 30, 1977, refused to obey the trial court's order compelling the filing of answers. The trial court was not authorized to impose further sanctions, even though the sanctions were conditional in form." (*Duggan v. Moss, supra,* 98 Cal.App.3d at p. 741.)

Defaulting Hodges as a sanction was even more egregious because he was not named in any motion to compel or in any discovery order. The court's June 7, 2002, order requiring HBOC and Kaymor to attend their depositions did not name Hodges. The ex parte application for an order shortening time on the motion to compel and for sanctions was not directed to Hodges. Plaintiffs' only attempt to justify the court's entry of Hodges's default is the assertion Hodges was the person most knowledgeable for HBOC and Kaymor. Whether HBOC and Kaymor would have offered Hodges as a person most knowledgeable at their depositions is irrelevant: The court was requested to award sanctions only against HBOC and Kaymor. Since no discovery order was directed to Hodges, he could not have violated a discovery order. Accordingly, the court had no authority to sanction Hodges for such a violation.

With respect to Nevadacor, the ex parte applications mentioned that plaintiffs were seeking relief to file a motion to compel and "for Sanctions." The trial court's July 3, 2002 order requiring Nevadacor to appear through its counsel with documents in hand did not refer to sanctions of any type. No motion to compel, whether or not requesting sanctions, was ever filed. Nevadacor had no notice that sanctions of any kind might be imposed for its discovery abuses.

The order entering the default of Hodges, HBOC, and Kaymor, and the order striking the answer of Nevadacor and entering its default, violated due process and failed to provide notice of the sanctions sought; the orders are therefore void.

## II. *The Default Judgment Is Void.*

■ Having concluded the orders entering the defaults of defendants are void, we must conclude the default judgment against defendants is also void. " ' "A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one." [Citation.]' [Citation.]" (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1240 [79 Cal.Rptr.2d 719].)

■ When a discovery order contains an invalid provision of a conditional future sanction, any order imposing that sanction is also invalid. "From the above, we conclude that insofar as the June 30, 1977, order purported to provide for dismissal in the event of disobedience thereto, it exceeded the trial court's jurisdiction. Since the basis for the July 18, 1977, order of dismissal was the occurrence of the conditions specified in the invalid portion of the June 30 order, the July 18, 1977, dismissal order was itself invalid." (*Duggan v. Moss, supra,* 98 Cal.App.3d at p. 743.)

■ Here, the trial court's entry of default judgments against defendants, its order setting aside the default judgments, and the later entry of defaults and default judgment after the statements of damages were served, all stem from the initial orders entering the defaults. Because those initial orders were fatally flawed as a result of being entered without providing defendants notice and an opportunity to be heard, the default judgment is void and must be reversed. We need not address the parties' arguments regarding the various postjudgment motions and the memorandum of costs, since the judgment was void.

Where does this case stand on remand? Apparently for tactical reasons, Hodges, HBOC, and Kaymor intentionally chose not to answer the first amended complaint. The time for them to answer expired long ago. The parties may proceed in accordance with their legal rights with regard to any failure to answer. HBOC, Kaymor, and Nevadacor also failed to object or respond to discovery, and those failures, too, appear to be intentional. Plaintiffs may, if they choose, pursue sanctions as provided by Code of Civil Procedure section 2023, subdivisions (b) and (c).

## DISPOSITION

The default judgment is reversed, and the matter is remanded to the trial court for further proceedings. Appellants to recover their costs on appeal. This court's previously issued stay order is dissolved.

Sills, P. J., and Aronson, J., concurred.

On April 26, 2005, the opinion was modified to read as printed above.