Filed 5/10/16  Perez v. Buckingham Property Management CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| JESUS PEREZ, | C078253 |
| Plaintiff and Appellant, | (Super. Ct. No. 69026) |
| v. | |
| BUCKINGHAM PROPERTY MANAGEMENT, INC., | |
| Defendant and Respondent; | |
| MICHAEL COGAN, | |
| Objector and Appellant. | |

In this employment case, plaintiff Jesus Perez and his trial attorney, Michael Cogan, appeal from an order imposing $5,769.50 in sanctions on them in connection with a protective order quashing a deposition subpoena Cogan served on one of the attorneys

1

of record for defendant Buckingham Property Management, Inc. (Buckingham).[1] Among other things, Perez and Cogan contend they did not receive adequate notice and opportunity to be heard on the issue of sanctions.[2] We agree and therefore will reverse the sanctions order.

To address the notice and opportunity to be heard argument, only limited procedural facts are necessary. Suffice it to say that Perez sued Buckingham for wrongful discharge and various Labor Code violations. Cogan represented Perez in the action. One of the attorneys who filed the answer to the complaint on behalf of Buckingham was Aimee Kircher.

Trial was set to begin on January 20, 2015, and the discovery cutoff date was December 19, 2014. At a deposition in the matter on October 29, 2014, Cogan served a deposition subpoena on Kircher with the deposition set for December 3. The two attorneys exchanged various e-mails regarding the subject in the days that followed. Then, on November 6, attorney Brian Cuttone notified Cogan that his firm had been retained as special counsel for Buckingham to handle the deposition subpoena. Cuttone and Cogan corresponded by e-mail numerous times between November 6 and 13 on the subject of the subpoena. Cuttone took the position that Cogan needed to show " 'extremely good cause' " to depose Kircher and that he had not done so. Accordingly, on November 13 Cuttone informed Cogan that if he did not withdraw the subpoena by the following day, Cuttone would file an ex parte application for a protective order or an order shortening time, to be heard at 1:30 p.m. on November 19. Cuttone did not mention an intent to seek sanctions. Cogan did not withdraw the subpoena. Accordingly,

---

[1] The order is appealable. (See Code Civ. Proc., § 904.1, subd. (a)(12) [appeal may be taken from "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)].)

[2] Buckingham did not file a respondent's brief.

2

on the afternoon of November 17, Cuttone sent a fax to Cogan confirming that Buckingham was going forward with its ex parte application for a protective order "and for an award of sanctions against both" Perez and Cogan.

At 11:00 a.m. on the morning of November 18, Cuttone filed the ex parte application, which he had signed the day before. In his papers, Cuttone requested $9,151.50 in attorney fees and costs for Cogan's "improper and unreasonable conduct," but nowhere in his papers did Cuttone identify any specific statutory basis for the request.

At 11:59 a.m. on November 19, Cogan filed a document entitled "PLAINTIFF'[S] DISCUSSION RE: EX PARTE APPLICATION; DECLARATION OF MICHAEL COGAN." Cogan attested that he had asked Cuttone to provide him, by e-mail or fax, "copies of all pleadings as soon as they are completed and in form for filing," but he did not receive a copy of the ex parte papers.

At the hearing on the ex parte application later that afternoon, Cuttone attested that the ex parte papers were e-mailed to Cogan the day before, "after we received notice from the Court or from our runner that they had been filed." He further attested that when his office received Cogan's filing before the hearing complaining that he had not received the ex parte papers, they faxed the papers to him.

The court heard some argument on the matter from both sides, then took a recess to allow Cogan time to review the ex parte papers. Following the recess, the court heard further argument. The court then stated that it was going to grant the ex parte application for a protective order and turned to the issue of sanctions. The court tentatively decided to impose $5,769.50 in sanctions "because the opposition was not justified," and Cuttone submitted the matter. Cogan asked to be heard and, when permitted, asserted that he had "a right to prepare an opposition before the Court issues sanctions." After he asserted twice more that he "ha[d] a right to be heard," the court replied, "Counsel, quit telling me you have a right to be heard. I'm listening." Cogan responded, "I know you are listening to me, your Honor. When I say I have a right to be heard, I have a due process [right] to

3

present my opposition." The court repeatedly indicated its belief that Cogan had received his opportunity to be heard, and when Cogan stated once more that he had "not had the opportunity to submit papers in opposition" to the request for sanctions, the court replied that Cogan's comments were "clear" and "on the record," and he could purchase a transcript for any "writ [he chose] to take."

That same day, the court entered a protective order quashing the deposition subpoena and ordering Perez and Cogan to pay Kircher $5,769.50 in costs and fees as a sanction. Perez and Cogan timely appealed from that order.

As we have noted, on appeal Perez and Cogan argue (among other things) that they "were not given reasonable notice or a fair opportunity to a real and reasonable hearing" on the issue of sanctions. We agree.

"Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions." (*O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961.) As relevant here, under the Civil Discovery Act,[3] monetary sanctions can be imposed against a person who unsuccessfully and without substantial justification opposes a motion to limit discovery, but only "after notice to any affected party, person, or attorney, and after opportunity for hearing." (Code Civ. Proc., §§ 2023.030, 2023.010, subd. (h).) "Applications for orders may not be ex parte if a statute or rule requires notice." (*O'Brien*, at p. 961.) "Discovery sanctions may not be ordered ex parte, and an order purporting to do so is void." (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 208.)

Here, it appears there was no mention of Buckingham seeking sanctions against Perez and Cogan in connection with the request for a protective order until the afternoon of November 17, when Cuttone stated in his fax to Cogan that Buckingham's ex parte

_____

**3** Code of Civil Procedure section 2016.010 et seq.

4

application would include a request for sanctions. No statutory basis for the sanctions request was identified. The ex parte papers filed the next day contained a request for sanctions, but again, no statutory basis was identified, and there was evidence that Cogan did not receive those papers until the day of the hearing on the ex parte application, November 19. In any event, the earliest Cogan could have received the papers was the day before, sometime after they were filed at 11:00 a.m. Thus, at most he may have received barely a 24-hour notice of the sanctions request.

Under these circumstances, we conclude Perez and Cogan were wrongfully denied both the notice and the opportunity to be heard guaranteed by the Civil Discovery Act and the due process clauses of the state and federal Constitutions before monetary sanctions are imposed. Contrary to the trial judge's belief, the legal mandate of an opportunity to be heard is not satisfied just because the judge allows counsel to present oral argument at a hearing on an ex parte application. An attorney and his or her client are entitled to legally adequate notice of a request for sanctions and a legally adequate opportunity to present both evidence and argument (written and oral) in response to such a request. Perez and Cogan were denied both here. Accordingly, the sanctions award cannot stand.

Of course, because Buckingham asked in the alternative for relief on an ex parte basis *or* an order shortening time for notice and a hearing on Buckingham's request for relief, our determination that the trial court erred in imposing sanctions without adequate notice or opportunity to be heard does not preclude the court from imposing such sanctions *provided* that: (1) the statutory basis for the proposed sanctions is made clear; and (2) Perez and Cogan are given legally adequate time to oppose the request. Accordingly, we will remand the case for further proceedings.

5

DISPOSITION

The order for monetary sanctions is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.  Perez and Cogan shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


/s/
Robie, J.


We concur:


/s/
Hull, Acting P. J.


/s/
Murray, J.