Filed 10/14/20  Khodayari v. Escandari CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BAHMAN KHODAYARI,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>ALEXANDER H. ESCANDARI et al.,<br><br>　　　　Defendants and<br>　　　　Respondents. | B299524<br><br>(Los Angeles County<br>Super. Ct. No. BC440188) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

　　　　Bahman Khodayari, in pro. per., for Plaintiff and Appellant.

　　　　No appearance for Defendants and Respondents.

———————————

Bahman Khodayari appeals the trial court's May 14, 2019 order granting the motion for terminating sanctions filed by Alexander H. Escandari and his two related law firms, Escandari Law Firm, Inc. and Escandari & Michon (collectively Escandari), and dismissing with prejudice Khodayari's lawsuit for legal malpractice. Khodayari contends the court improperly set the hearing on the motion on shortened time and abused its discretion by not considering imposition of a lesser sanction for his violation of the court's discovery orders. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Khodayari's Complaint for Legal Malpractice*

Khodayari, representing himself, sued Escandari for legal malpractice on June 22, 2010 alleging Escandari had misrepresented his expertise in criminal and real estate law when he agreed to represent Khodayari, failed to properly research issues arising from his representation, submitted excessive bills and ultimately abandoned Khodayari by withdrawing from a criminal case at a critical time with a false excuse.[1] On November 12, 2010 Khodayari filed an unverified first amended complaint, asserting 16 causes of action, including breach of contract, fraud and professional negligence. The amended complaint added factual allegations describing the various legal proceedings in which Khodayari was involved starting in early 2007 and detailing the interactions between Khodayari and Escandari from their first meeting on March 3,

---

[1] As does Khodayari in his appellant's brief, we borrow heavily from our opinion in *Khodayari v. Escandari* (Apr. 25, 2017, B263187) [nonpub. opn.]) in describing the events occurring through our initial decision in the case.

2008 and Khodayari's retention of Escandari on March 12, 2008, through Escandari's withdrawal from the representation on April 30, 2008.

After an unsuccessful demurrer in March 2011, Escandari answered the amended complaint and filed a cross-complaint for slander and intentional infliction of emotional distress.

2. *The Initial Discovery Disputes*

In early May 2011 Khodayari served form interrogatories, special interrogatories and requests for the production of documents on Escandari. Deeming Escandari's responses inadequate, Khodayari then filed nine motions to compel further responses to the written discovery he had served. The court ordered the appointment of a discovery referee to rule on the motions.

Prior to a scheduled status conference on November 23, 2011, Khodayari moved to compel the deposition of Escandari; and Escandari moved to compel the deposition of Khodayari. Each side also moved for protective orders with respect to his own deposition. The court granted both motions to compel, setting dates for the commencement of each deposition and denied the motions for protective orders. The court also denied all requests for sanctions.

On February 21, 2012, contending that Escandari had raised frivolous issues and objections at the court-ordered deposition, Khodayari moved to compel a further deposition and additional responses to his demand to produce documents at the deposition. On April 5, 2012 the court ordered Khodayari's motion off calendar without prejudice to renewing it before the

appointed discovery referee. In addition, the court authorized the referee to preside at the deposition and rule on objections.[2]

In August 2012 Escandari moved to compel further responses to his request for admissions and to his first set of special interrogatories and request for documents. Both motions included requests for an award of monetary sanctions pursuant to Code of Civil Procedure section 2023.010[3] for misuse of the discovery process. Khodayari filed a combined opposition, arguing, in part, Escandari had engaged in legal gamesmanship to avoid responding to his discovery, including frustrating efforts to have a discovery referee appointed and then failing to cooperate in scheduling hearings on Khodayari's motions to compel. Khodayari also asserted Escandari had failed to meet and confer in a reasonable manner with respect to the discovery at issue in the motions. On October 11, 2012 the court granted both motions to compel and awarded monetary sanctions of $4,000.

In an ex parte application for an order regarding his own discovery motions filed November 1, 2012, Khodayari repeated his charge that Escandari had frustrated Khodayari's ability to

_____

[2] While these discovery disputes were ongoing, Escandari moved for judgment on the pleadings. On May 15, 2012 the court granted the motion and gave Khodayari leave to amend. On June 4, 2012 Khodayari filed a second amended complaint for damages. On August 20, 2012 the court sustained Escandari's renewed demurrer without leave to amend as to the causes of action for intentional infliction of emotional distress and abuse of process and overruled it in all other respects. The court gave Escandari 30 days to answer and, among other orders, set a May 14, 2013 trial date for a seven-day jury trial.

[3] Statutory references are to this code.

obtain discovery and prepare for trial by providing incomplete responses and refusing to cooperate and appear before the discovery referee. Because the court had decided Escandari's motions, but referred Khodayari's motions to the referee, discovery was one-sided and unfair, he complained. The court denied the application. The following week the court denied Khodayari's application to extend the time for him to comply with the court's order to respond to the discovery propounded by Escandari.

3. *The Original Order Granting a Terminating Sanction*

On December 5, 2012 Escandari moved for terminating sanctions (dismissal of the complaint with prejudice) and imposition of further monetary sanctions of $3,560 because Khodayari had not provided the discovery responses or paid the monetary sanctions as ordered by the court on October 11, 2012. Khodayari's opposition papers largely repeated his arguments proffered in response to the motions to compel and his ex parte application regarding the one-sided nature of discovery to date. In addition, Khodayari argued terminating sanctions were inappropriate, insisting Escandari had made no showing that less severe sanctions were not sufficient to cure whatever harm had been caused by his failure to provide responses.

The court (Judge Abraham Khan) granted Escandari's motion for terminating sanctions on January 17, 2013, finding Escandari had established that Khodayari violated the October 11, 2012 discovery order by not serving any further responses and Khodayari's declaration in opposition failed to show the failure to respond was not willful. The court then stated, "Where a party willfully disobeys a discovery order, courts have discretion to impose terminating, issue, evidence or

5

monetary sanctions." The court did not explain why it selected terminating, rather than less severe, sanctions. The request for additional monetary sanctions was denied.

4. *The Appeal in* Khodayari v. Escandari, *B263187*

After the court dismissed Khodayari's complaint with prejudice and dismissed Escandari's cross-complaint for failure to prosecute, Khodayari appealed, arguing the trial court should have referred Escandari's motions to compel to the discovery referee or, in the alternative, should not have decided those motions without withdrawing the reference and also deciding the motions he had previously filed; the award of monetary sanctions in the October 11, 2012 order was improper because Escandari and the two related law firms were representing themselves in the action; and imposition of a terminating sanction was not justified under the circumstances of the case.

We reversed the judgment, holding, although the trial court had the authority to impose sanctions for Khodayari's disobedience of its October 11, 2012 discovery order, it was an abuse of discretion to dismiss his lawsuit as the first sanction imposed for that violation. We noted the court had imposed the sanction only three months after the order had been made (and after denying Khodayari's ex parte request for additional time to comply) and Khodayari had not violated any other discovery order. Moreover, there was no basis in the record to conclude that the court could not have obtained Khodayari's compliance with lesser sanctions or that the misconduct was so extreme as to justify dismissal of the action as a first measure. (*Khodayari v. Escandari* (Apr. 25, 2017, B263187) [nonpub. opn.].) We also

6

held the trial court had improperly awarded monetary sanctions to Escandari, a self-represented litigant.[4]

### 5. *The Discovery Disputes Continue on Remand*

Discovery and discovery disputes continued following our remand. At a case management conference on June 25, 2018 the parties advised the court a number of motions to compel additional discovery were pending. The court set an August 2, 2018 hearing date for all outstanding discovery motions. The court also scheduled the jury trial for April 9, 2019.

At the August 2, 2018 hearing the court (Judge Michael Raphael) granted Escandari's motions to compel Khodayari's deposition and further responses to written discovery (form interrogatories, special interrogatories, request for admissions and request for production). The responses to written discovery were to be provided, without objection, within 10 days (subsequently extended to 30 days); and the deposition was to take place within 30 days. The court also granted Khodayari's motion to compel further written discovery. The court denied all other discovery motions and declined to award sanctions to either party.

On February 5, 2019 Escandari moved for terminating and monetary sanctions, asserting Khodayari had not provided any further responses to written discovery as ordered on August 2, 2018. Although the motion was based on Khodayari's failure to answer written discovery, in her declaration in support of the motion, Escandari's counsel also stated Khodayari had not yet

---

[4] We rejected Khodayari's third argument that the trial court had abused its discretion in deciding some discovery motions while appointing a discovery referee to resolve others.

been deposed and had not contacted her office to schedule the deposition. On March 12, 2019 the court (Judge Dennis Landin) granted Escandari's ex parte application and advanced the hearing date on his motion for terminating sanctions from May 9, 2019 to April 9, 2019 and vacated the April 9, 2019 trial date.

Khodayari, now apparently represented by counsel, filed opposition papers on March 28, 2019, which explained, contrary to the statement in the moving papers, he had been deposed for a portion of a day on August 10, 2018, eight days after the court order. Khodayari also noted the court's August 2, 2018 order gave him 30 days to provide further responses, not 10 days as stated in the moving papers, although he did not dispute that he had yet to provide any responses at all. With his papers, however, Khodayari provided supplemental responses to Escandari's request for admissions; stated he was in the process of preparing the remainder of his supplemental responses; and, referring to the analysis in our decision reversing the prior order granting terminating sanctions, argued less extreme sanctions were available to ensure compliance with the court's discovery orders. Khodayari also asserted Escandari, for his part, had failed to provide any further discovery as ordered by the court on August 2, 2018.

After a hearing on April 9, 2019 at which Khodayari argued in opposition to the motion in pro per,[5] the court took the matter under submission. On April 11, 2019 the court denied the motion for terminating sanctions without prejudice, ordered Khodayari

---

[5] The court, after explaining that a lawyer who appeared at the hearing with Khodayari had not substituted into the case as counsel, even on a limited basis, deemed Khodayari to continue to be self-represented.

8

to serve verified responses to the outstanding discovery requests within five days and awarded Escandari $2,310 in monetary sanctions, to be paid within 30 days. In a written ruling accompanying its minute order, the court explained that Escandari had not demonstrated how sanctions short of terminating the lawsuit would be ineffective. However, to ensure Khodayari's full compliance with the order to provide further written responses within five days, the court ruled, "In the event [Khodayari] does not do so or his responses are evasive or incomplete, the court will reconsider this motion."

At the trial setting conference on April 24, 2019 Escandari advised the court he intended to bring another motion for terminating sanctions and requested the court specially set the motion. Khodayari did not object. The court set the motion for hearing on May 10, 2019 and ordered Escandari to file his motion within 48 hours.[6]

Escandari filed his renewed motion for terminating sanctions shortly after 7:00 p.m. on April 24, 2019. Escandari stated Khodayari had served one set of further responses to Escandari's special interrogatories (attached as an exhibit) that were not "code compliant" and no further responses to the outstanding form interrogatories, request for admissions and

_____

[6]     At the April 24, 2019 hearing the court also denied Khodayari's motion to compel discovery and for sanctions based on Escandari's failure to provide discovery responses and Escandari's contempt of court for filing a motion for terminating sanctions with unclean hands. Because Khodayari complained he had not received documents Escandari insisted had been sent to him, the court had Khodayari state his mailing address on the record and ordered Escandari to re-mail copies of previously produced documents.

9

request for production and had not contacted Escandari's counsel regarding them.  Khodayari did not file any opposition to the renewed motion.

The court heard argument on Escandari's motion on May 10, 2019.  Khodayari contended he had not been served with the motion.  Based on material presented at the hearing by Escandari, who said he had anticipated Khodayari would make that claim, the court found the motion had been properly served.[7] The court then focused Khodayari on the sufficiency of his responses to requests for admissions 5 to 12, which concerned whether he signed or initialed certain documents regarding the attorney-client relationship between Khodayari and Escandari. As reflected in the minute order entered May 10, 2019, the court "recall[ed] the matter multiple times in order to give Plaintiff an opportunity to respond to various argument[s] and retrieve documents."  Khodayari did not request additional time to file an opposition, instead arguing the discovery responses provided to date were proper; he had, in any event, given the information Escandari needed when he had been deposed; and Escandari was guilty of misrepresenting what had occurred during discovery.

After hearing argument the court vacated its April 11, 2019 order requiring Khodayari to pay monetary sanctions and took the matter under submission.

---

[7]    Although there is no reporter's transcript or settled statement for the May 10, 2019 hearing, the court in its May 14, 2019 ruling described what had occurred at some length.

10

6. *The Court's Order Terminating the Lawsuit*

On May 14, 2019 the court granted Escandari's motion for terminating sanctions and dismissed Khodayari's second amended complaint with prejudice. In its written ruling the court stated it had concluded, after reviewing the discovery responses provided, as well as the pages of the deposition transcript Khodayari had identified at the May 10, 2019 hearing as providing the necessary information to Escandari (thereby potentially mitigating any prejudice), that "Plaintiff's deposition answers are ambiguous and his responses to the requests for admission numbers 5-12 are not code compliant as are many of his responses to the requests for production and interrogatories. This is consistent with his pattern of avoiding his discovery obligations."

The court explained the significance of Khodayari's discovery failures: "Plaintiff's complaint is based on the argument that Defendants breached a fiduciary duty. The scope of that duty, in large part, depends on the terms of written documents, which Plaintiff may or may not have signed. The many motions and discovery hearings to get straightforward answers to clarify this point have been futile." The court stated it understood that less severe sanctions generally should be tried but, based on the history of the case, it had determined they would not be effective. "The Plaintiff has appeared before this court may times and on each occasion has attempted to mislead the court regarding his efforts to comply with legitimate discovery requests and later orders of the court. The court does not believe his claims of confusion regarding certain interrogatories and requests for admissions and finds that he has not made a good faith attempt to respond as required. In fact, he

has acted in bad faith. His failure to comply has been willful and calculated to force the Defendants to file several discovery motions and has delayed the progress of this case."

The court subsequently denied Khodayari's ex parte motion for reconsideration of the order granting the motion for terminating sanctions and his noticed motion for reconsideration. Khodayari filed a timely notice of appeal.[8]

## DISCUSSION

### 1. *Standard of Review*

The trial court has "broad discretion" to impose discovery sanctions subject to reversal only for "arbitrary, capricious, or whimsical action." (*Van v. LanguageLine Solutions* (2017) 8 Cal.App.5th 73, 80; accord, *Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 191.) Despite that general deferential standard of appellate review, however, we closely examine an order terminating a lawsuit as a discovery sanction; "the courts have long recognized that the terminating sanction is a drastic penalty and should be used sparingly." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.*

---

[8] Khodayari's notice of appeal identifies both the court's May 14, 2019 order granting the motion for terminating sanctions and dismissing the lawsuit and its June 24, 2019 order denying Khodayari's motion for reconsideration. Similarly, in the second paragraph of his appellate brief Khodayari indicates he is appealing from the denial of his motion for reconsideration. However, after this initial statement Khodayari's brief does not address the motion for reconsideration. Accordingly, any issue regarding the court's ruling denying that motion has been forfeited. (See *Reid v. City of San Diego* (2018) 24 Cal.App.5th 343, 369; *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282.)

12

(2016) 246 Cal.App.4th 566, 604; see *Department of Forestry*, at p. 191 ["under the statutory scheme, trial courts should select sanctions tailored to the harm caused by the misuse of the discovery process and should not exceed what is required to protect the party harmed by the misuse of the discovery process"]; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992 ["'[d]iscovery sanctions "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery"'"].)

"The trial court may order a terminating sanction for discovery abuse 'after considering the totality of the circumstances:  [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery.'  [Citation.]  Generally, '[a] decision to order terminating sanctions should not be made lightly.  But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.'  [Citation.]  Under this standard, trial courts have properly imposed terminating sanctions when parties have willfully disobeyed one or more discovery orders." (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390.)

"When the trial court's exercise of its discretion relies on factual determinations, we examine the record for substantial evidence to support them." (*Los Defensores, Inc. v. Gomez, supra,* 223 Cal.App.4th at p. 390.)  "The appellant bears the burden on appeal of demonstrating that the trial court abused its discretion

13

in imposing a discovery sanction." (*Rutledge v. Hewlett-Packard Co.* (2015) 238 Cal.App.4th 1164, 1191.)

  2. *The Court Did Not Abuse Its Discretion in Issuing a Termination Sanction for Khodayari's Repeated Violation of Its Discovery Orders*

   a. *Khodayari forfeited any claim of improper notice of the May 10, 2019 hearing*

A party is entitled, both as a matter of statute and due process, to proper notice before a court imposes discovery sanctions. (§ 2023.030; see *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 207-208.) However, as discussed, Khodayari did not object at the April 24, 2019 hearing when Escandari requested the court specially set his renewed motion for terminating sanctions and the court scheduled the hearing on the matter for May 10, 2019. Nor did Khodayari request additional time to file an opposition to the motion at the hearing on May 10, 2019, where he claimed he had never been served with the renewed motion—a claim the court rejected. As a result, he has forfeited any argument the motion was not properly noticed. (See *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1288 ["'a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective'"]; *Pacific Std. Life Ins. Co. v. Tower Industries, Inc.* (1992) 9 Cal.App.4th 1881, 1888 ["Tower has waived its right to complain of insufficient notice of the motion for judgment [because it] did not object to the motion on the ground of lack of notice"]; see generally *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 ["'[a]n appellate court will ordinarily not consider procedural defects or

14

erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method"].)

> b. *Dismissing Khodayari's lawsuit based on his willful, bad faith violation of discovery orders was well within the trial court's discretion*

In addition to complaining the trial court, when issuing the terminating sanction, ignored Escandari's failure to fully comply with his discovery obligations, Khodayari contends the court's order that his further discovery responses not be "evasive or incomplete" was unduly vague and that Escandari failed to show he was prejudiced by Khodayari's discovery violations. Khodayari also suggests the requests for admission were somehow improper because they were directed to allegations in his first amended complaint, rather than the operative second amended complaint.

None of these arguments carries Khodayari's burden of demonstrating the trial court abused its discretion in imposing the terminating sanction for Khodayari's ongoing failure to comply with his discovery obligations and the court's discovery orders. As the court explained, an essential issue in the case (whether measured by the allegations in the first or second amended complaint, which were fundamentally unchanged) was the nature and extent of the attorney-client relationship between Khodayari and Escandari. That issue, in turn, depended to a significant extent on whether Khodayari had signed or initialed various documents. There was nothing vague or ambiguous about Escandari's legitimate discovery requests directed to that question or the court's April 11, 2019 order that

15

Khodayari state unequivocally whether he did or did not sign the documents.

Khodayari does not argue on appeal that he, in fact, provided satisfactory discovery responses following the court's April 11, 2019 order. Although he asserts the court should have imposed a lesser sanction for his ongoing discovery failures, he does not suggest how, after the court's repeated, unsuccessful efforts to ensure compliance, any other sanction would have been effective in prompting the necessary responses or curing the prejudice Escandari had suffered. The court's contrary conclusion, based on its assessment of the circumstances of the case, was well within its discretion.

## DISPOSITION

The order dismissing the case is affirmed. Because Escandari did not appear in the appeal, Khodayari will bear his own costs.


PERLUSS, P. J.

We concur:


FEUER, J.


DILLON, J.*

---

*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16