161 Cal.App.3d 1 (1984)
207 Cal. Rptr. 233
ALLIANCE BANK, Plaintiff and Respondent,
v.
STEVEN W. MURRAY, Defendant and Appellant.
Docket No. B003692.
Court of Appeals of California, Second District, Division Seven.
October 22, 1984.
*3 COUNSEL
Steven W. Murray, in pro. per., Warren & Marks, Richard D. Marks and Frank D. McAlpine for Defendant and Appellant.
Michael L. Abrams and Hugh G. Radigan for Plaintiff and Respondent.
OPINION
THOMPSON, J.
Defendant Steven Murray (appellant) appeals from the default judgment entered subsequent to the court's order striking defendant's answer to the complaint and entering his default as sanctions for his wilful failure to attend two properly noticed depositions. (Code Civ. Proc., § 2034, subd. (d).) For reasons to follow, we affirm.

Factual Background
On March 15, 1982, appellant executed and delivered to respondent Alliance Bank (respondent) a promissory note for $92,000 due in full on June 15, 1982. Respondent unsuccessfully demanded payment on the note on June 15, 1982, and filed the instant complaint to recover the principal plus interest, attorney's fees and costs, on December 15, 1982. Appellant's answer was filed on March 21, 1983.
*4 On March 30, 1983, respondent served appellant with notice of appellant's deposition for April 21, 1983. Appellant's attorney of record, Thomas J. Flesher, in a letter to respondent's attorney, Jerold S. Sherman, dated April 14, 1983, requested that the April 21 deposition be vacated or continued until the substitution of other counsel for respondent. Flesher claimed that a conflict of interest existed between appellant and Sherman due to Sherman's participation as Director of Alliance Bank in the underlying transaction wherein appellant executed the promissory note.
On April 20, 1983, Flesher again informed Sherman in a telephone conversation that appellant would not attend the April 21 deposition due to the conflict of interest. Sherman replied that the deposition would go forward absent a protective order. Despite the fact that no protective order was obtained, appellant did not attend the April 21 deposition.
On April 29, 1983, respondent served appellant with notice of a motion for an order striking defendant's answer, entering defendant's default, or in the alternative, imposing other penalties, to be heard on May 20, 1983. Appellant failed to file any written opposition to the motion.
The motion was heard by the court on May 20, 1983; both parties appeared through their respective counsel. The court's minute order states that the motion is "[t]reated as a motion to compel [a]ppellant's deposition and is granted." Appellant was ordered to attend his deposition "to be held at time and place noticed within 20 days," and to pay attorney's fees of $350 to respondent's counsel. The court further stated: "If the above order is not fully complied with, upon ex parte application and at least 2 days written notice, the court may grant relief requested and require payment of additional attorney's fees of $150.00, payable forthwith thereafter." Respondent mailed notice of the above ruling to appellant on May 20, 1983.
On May 20, 1983, following the hearing on respondent's motion, the parties orally stipulated that appellant would be deposed on June 1, 1983; respondent also served by mail the notice of the June 1 deposition. However, appellant again failed to appear.
On June 6, 1983, respondent served appellant by mail with notice of respondent's ex parte application to be heard on June 14, 1983, for an order striking defendant's answer, entering defendant's default and judgment for plaintiff. Appellant again failed to file written opposition.
Respondent's ex parte application was heard on June 14, 1983; both parties appeared through their counsel. The court found that appellant's failure *5 to attend the two properly noticed depositions was wilful and entered an order striking his answer and entering his default.

Issues on Appeal
Appellant raises the following issues: (1) Whether the portion of the court's May 20, 1983, minute order conditionally authorizing respondent to bring an ex parte application for an order striking the answer to the complaint and entering appellant's default, and awarding $150 attorney's fees, on only two days' written notice, was in excess of the court's jurisdiction;
(2) Whether appellant was given proper notice of the June 14, 1983, ex parte hearing on respondent's motion for sanctions;
(3) Whether the court's June 20, 1983, order striking appellant's answer and entering his default is invalid because it is based on the invalid portion of the May 20 minute order; and
(4) Whether the court abused its discretion in striking appellant's answer and entering his default.

The May 20, 1983, Order
When a party wilfully fails to attend his properly noticed deposition, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney's fees." (Code Civ. Proc., § 2034, subd. (d).) This statute by its terms requires both notice and motion in order for the court to impose sanctions pursuant to Code of Civil Procedure section 2034, subdivision (d).
Moreover, the local rules for the Los Angeles Superior Court concerning ex parte orders provides: "Application for orders may be ex parte unless statute or rule requires notice. [Citation.] In Los Angeles County, however, it has been the practice to require notice if it is not entirely clear that an ex parte order is proper or if factual issues are presented in which the facts might be in doubt and where it thus appears that both parties should have an opportunity to be heard." (L.A. Super. Ct. Manual of Ex Parte and Related Matters (1982) § 420.)
(1a) In addition to the statutory requirement for notice, due process requires that notice be given prior to the imposition of sanctions. As the *6 court stated in O'Brien v. Cseh (1983) 148 Cal. App.3d 957, 961 [196 Cal. Rptr. 409]: "Application for orders may not be ex parte if a statute or rule requires notice.... [¶] Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal Constitutions. (Cal. Const., art. I, § 7; U.S. Const., 14th Amend.)" In O'Brien, the court reversed the ex parte order awarding attorney's fees to defendant pursuant to Code of Civil Procedure section 128.5; defendant had provided plaintiff with only one day's notice by telephone of the date, time and place of the ex parte application for attorney's fees, despite the explicit notice requirement contained in section 128.5, subdivision (b). (O'Brien v. Cseh, supra, 148 Cal. App.3d at p. 961.)
In Jones v. Otero (1984) 156 Cal. App.3d 754 [203 Cal. Rptr. 90], the appellate court reversed a judgment entered for defendants after the trial court granted defendants' oral nonnoticed motion to dismiss pursuant to Code of Civil Procedure section 2034: "The trial court erred in dismissing the action as no notice of defendants' motion to dismiss pursuant to Code of Civil Procedure section 2034 had been given. (See Code Civ. Proc., §§ 1005, 1010, 2034.) Written notice of such motion is required to be served at least 15 days in advance of the hearing (Code Civ. Proc., §§ 1005, 1010) in order that the court will be fully apprised of the events occurring subsequent to the order compelling discovery. (Duggan v. Moss (1979) 98 Cal. App.3d 735, 741, 744 [159 Cal. Rptr. 425].)" (Jones v. Otero, supra, 156 Cal. App.3d at p. 757.)
Our Supreme Court stated in Rodman v. Superior Court (1939) 13 Cal.2d 262, 269 [89 P.2d 109], that the law "seems well settled (and there appears to be no case holding to the contrary) that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction, and certiorari will lie to correct such excess." (See also Burtnett v. King (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 288-291 [109 P.2d 942, 132 A.L.R. 715].)
Thus we rule that the portion of the court's May 20, 1983, minute order conditionally authorizing respondent to bring an ex parte application on two days' written notice and conditionally ordering an award of additional attorney's fees is expressly violative of the statutory notice and motion requirements of Code of Civil Procedure section 2034, subdivision (d), and of the constitutional due process notice requirements of the federal and state Constitutions, and is therefore invalid for being in excess of the court's jurisdiction. (See Duggan v. Moss (1979) 98 Cal. App.3d 735, 741, 743 [159 Cal. Rptr. 425].)

*7 Notice of the June 14, 1983, Hearing

Inasmuch as we have determined that Code of Civil Procedure section 2034, subdivision (d) requires that 15 days' written notice be given pursuant to Code of Civil Procedure sections 1005 and 1010 (see Jones v. Otero, supra, 156 Cal. App.3d at p. 757), we must decide whether the eight days' notice by mail of respondent's ex parte application for an order striking defendant's answer, entering defendant's default and judgment for plaintiff, is sufficient.
(2) (See fn. 1.) The record shows that appellant appeared at and participated in the June 14, 1983, hearing through attorney Joyce L. Mendlin.[1] The June 20, 1983, order states that "Defendant appeared by counsel Joyce S. Mendlin, Esq., ... and that [the court heard] the arguments of counsel (including Ms. Mendlin who is counsel of record in this matter)...."
(3) We find that appellant's appearance at the June 14, 1983, hearing and his opposition to the motion on its merits[2] constitutes a waiver of the defective notice of motion. As the court stated in Tate v. Superior Court (1975) 45 Cal. App.3d 925, 930 [119 Cal. Rptr. 835]: "It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. (Lacey v. Bertone, 33 Cal.2d 649, 651 [203 P.2d 755]; Bohn v. Bohn, 164 Cal. 532, 538 [129 P. 981]; Flood v. Goldstein Co., 158 Cal. 247, 251-252 [110 P. 916]; Kowalski v. Cohen, 252 Cal. App.2d 977, 979 [60 Cal. Rptr. 874]; McConaghy v. McConaghy, 239 Cal. App.2d 601, 604 [48 Cal. Rptr. 845]; Batchelor v. Finn, 169 Cal. App.2d 410, 425-427 [341 P.2d 803, 346 P.2d 795].) This rule applies even when no notice *8 was given at all. (City of Pasadena v. Superior Court, 212 Cal. 309, 315 [298 P. 968]; Reynolds v. Harris, 14 Cal. 667, 677; Overton v. White, 18 Cal. App.2d 567, 567 [64 P.2d 758, 65 P.2d 99].) Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective." (See Estate of Pailhe (1952) 114 Cal. App.2d 658, 660-661 [251 P.2d 76]; Remillard Brick Co. v. Dandini (1941) 47 Cal. App.2d 63, 65-66 [117 P.2d 432].) The cases cited by appellant in support of his argument of lack of notice are inapposite; in none of the cited authorities did the party who complained of lack of notice appear and defend on the merits against the motion. (Jones v. Otero, supra, 156 Cal. App.3d 754; St. Paul Fire & Marine Ins. Co. v. Superior Court (1984) 156 Cal. App.3d 82 [202 Cal. Rptr. 571]; O'Brien v. Cseh, supra, 148 Cal. App.3d 957; Duggan v. Moss, supra, 98 Cal. App.3d 735.)

The June 20, 1983, Order
(1b) Appellant contends that the June 20, 1983, order striking his answer to the complaint and entering his default is invalid because it flows directly from the invalid portion of the May 20, 1983, minute order authorizing respondent to bring an ex parte application for sanctions under Code of Civil Procedure section 2034, subdivision (d), with only two days' written notice. Appellant cites Duggan v. Moss (1979) 98 Cal. App.3d 735 [159 Cal. Rptr. 425] as being dispositive of this issue. We disagree.
In Duggan v. Moss, the trial court entered an order on June 30, 1977, compelling plaintiff to file answers to defendants' interrogatories and to pay attorney fees, and further providing that if plaintiff failed to comply with the terms of the order by July 10, 1977, the "Complaint shall be dismissed." (98 Cal. App.3d at p. 738.) The trial court thereafter ordered the complaint stricken and the action dismissed on July 18, 1977, based on the ex parte declaration of defendants' counsel stating that interrogatory answers had not been filed and that attorney fees had not been paid, and on the court's own review of the file. (Ibid.) No hearing was held. On appeal, the court reversed the judgment, concluding that the portion of the June 30 order conditionally imposing sanctions could neither be upheld under subdivision (d) of section 2034, because the trial court failed to make the requisite finding of wilfulness (Duggan v. Moss, supra, 98 Cal. App.3d, at p. 741; see Deyo v. Kilbourne (1978) 84 Cal. App.3d 771, 787 [149 Cal. Rptr. 499]), nor be upheld under subdivision (b) of section 2034, because there was no prior refusal to obey a court discovery order. (Duggan v. Moss, supra, 98 Cal. App.3d at p. 741; see Deyo v. Kilbourne, supra, 84 Cal. App.3d at p. 780.) Because the July 18 order of dismissal flowed *9 from the invalid portion of the June 30 order, the July 18 order was also ruled invalid. (Duggan v. Moss, supra, 98 Cal. App.3d at p. 743.)
Duggan v. Moss is inapposite to the case at bench, wherein appellant appeared at the June 14, 1983, hearing and opposed the motion on its merits. Appellant is deemed to have consented to any exercise of jurisdiction in excess of the court's authority stemming from the invalid portion of the May 20, 1983, minute order. (See West Coast Constr. Co. v. Oceano Sanitary Dist. (1971) 17 Cal. App.3d 693 [95 Cal. Rptr. 169]; see, generally, In re Griffin (1967) 67 Cal.2d 343, 347-348 [62 Cal. Rptr. 1, 431 P.2d 625].)
In West Coast Constr. Co. v. Oceano Sanitary Dist., supra, defendant appealed from the issuance of a preliminary injunction, contending that "the issuance of the injunction was in excess of the court's jurisdiction because the order to show cause, dated December 8, was made returnable on December 24, 16 days later and, therefore, more than the 15 days prescribed in section 527, Code of Civil Procedure." (17 Cal. App.3d at p. 698.) However, the court ruled that the defendant was estopped from challenging the court's action as being in excess of jurisdiction, because the defendant voluntarily participated in the hearing: "[D]ecisions, including Agricultural Prorate Com. v. Superior Court, 30 Cal. App.2d 154, 155 [85 P.2d 898], support [defendant's] claim; significantly, however, in Agricultural Prorate Com. the continuance was over defendants' objection and without their consent. But in the case at bench the District did not object; indeed it voluntarily participated in a full scale hearing on January 15 when oral and documentary evidence was introduced. Having so acted, plaintiff properly argues, the doctrine of estoppel is applicable to the District if not demanded: `There seems to be substantial authority for the proposition that a party who has invoked or consented to the exercise of jurisdiction beyond the court's authority may be precluded from challenging it afterwards, even on a direct attack by appeal.' (1 Witkin, Cal. Procedure (1954) § 149, p. 412.)" (West Coast Constr. Co. v. Oceano Sanitary Dist., supra, 17 Cal. App.3d at p. 699.)
Accordingly, we conclude that appellant is estopped from challenging the June 20 order as being in excess of the court's jurisdiction.

Abuse of Discretion
(4a) "The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action." (Calvert Fire Ins. Co. v. Cropper (1983) 141 Cal. App.3d 901, 904 [190 Cal. Rptr. 593]; see also Garza v. Delano Union Elementary School Dist. *10 (1980) 110 Cal. App.3d 303, 314 [167 Cal. Rptr. 629]; Deyo v. Kilbourne, supra, 84 Cal. App.3d at pp. 796-797.)
"Only two facts are absolutely prerequisite to imposition of the sanction: (1) there must be a failure to comply, conceded here by appellant; and (2) the failure must be wilful (Code Civ. Proc., § 2034, subd. (d)). Here, the trial court found the essential fact of wilfulness, and such finding is entitled to deference on appeal. (Flynn v. Superior Court (1979) 89 Cal. App.3d 491, 496 [152 Cal. Rptr. 796]; Cornwall v. Santa Monica Dairy Co. (1977) 66 Cal. App.3d 250, 252-253 [135 Cal. Rptr. 761])." (Calvert Fire Ins. Co. v. Cropper, supra, 141 Cal. App.3d 901, 904.)
While the ultimate sanction of the entry of a default against a party who wilfully fails to appear at a properly noticed deposition is a drastic penalty which should ordinarily be used only when lesser sanctions have failed (Crummer v. Beeler (1960) 185 Cal. App.2d 851, 860 [8 Cal. Rptr. 698]), the unsuccessful imposition of a lesser sanction is not an absolute prerequisite to the entry of a default pursuant to subdivision (d) of section 2034. (Scherrer v. Plaza Marina Coml. Corp. (1971) 16 Cal. App.3d 520, 524 [94 Cal. Rptr. 85].) The appellant has the burden of showing that the lower court abused its discretion. (Ibid.)
With these standards in mind, we consider whether the court's finding that appellant wilfully failed to attend two properly noticed depositions is supported by substantial evidence.
Appellant first argues that the June 1, 1983, deposition was improperly noticed because the notice was mailed only 12 days, rather than 15 days, prior to the deposition date. (Code Civ. Proc., §§ 2019, subd. (a)(1); 1013.) This contention fails because the court ordered on May 20 that the deposition "be held at the time and place noticed within 20 days." In treating respondent's motion as a motion to compel appellant's deposition, the court was authorized to shorten time for notice. (See Code Civ. Proc., § 2019, subd. (a)(1).)
Appellant next argues that his nonappearance at the June 1 deposition was not wilful because a calendar conflict required him to appear in court in Pomona on June 1 to represent his client in another matter.
The record shows that the June 1 deposition date was set by oral stipulation of counsel for both parties on May 20, 1983, and that written notice was sent to appellant. However, not until the day before the deposition did appellant notify his attorney that he could not attend the June 1 deposition but that he would be available for deposition on June 9 or 10. Although this *11 information was relayed to respondent's attorney, no extension of time was obtained.
While appellant claims he could not attend the June 1 deposition due to a court calendar conflict, he nevertheless wilfully chose to not attend the deposition. Appellant made no showing below that he attempted to obtain a stipulation or order continuing the court matter in Pomona. Thus appellant took a calculated risk in choosing to ignore the May 20 court order, the May 20 stipulation of counsel that the deposition would go forward on June 1, and the notice of deposition. The taking of such a calculated risk was wilful conduct. (See Housing Authority v. Gomez (1972) 26 Cal. App.3d 366, 372 [102 Cal. Rptr. 657].) (5) "A wilful failure does not necessarily include a wrongful intention to disobey discovery rules. A conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, is sufficient to invoke a penalty. (Snyder v. Superior Court (1970) 9 Cal. App.3d 579, 587 [89 Cal. Rptr. 534].)" (Deyo v. Kilbourne, supra, 84 Cal. App.3d at pp. 787-788.) The fact that appellant had to represent his client in court does not in itself excuse his wilful conduct. In Scherrer v. Plaza Marina Coml. Corp., supra, 16 Cal. App.3d at page 524, the court stated: "The record reveals an amazing disregard for the judicial process. Appellant's president and its counsel not only failed to appear at two deposition hearings and a pretrial conference, but they also failed to appear at the hearing on respondent's motion to strike appellant's answer to the cross-complaint. Then, to make matters worse, appellant's counsel sought to justify his failure to appear at the first deposition hearing for the reason that he was on vacation, and at the second because the date fell on a Monday; albeit counsel alleged that orders to show cause and law and motion matters were heard only on Mondays in the Ventura County Superior Court, he did not allege that he had a matter before the court on October 6, 1969, or, if so, that he attempted to secure a continuance of that matter but was unsuccessful. Were we to hold that an attorney and his client can blatantly excuse their failure to appear at two deposition hearings merely because the dates fixed interfered with vacation plans or other business, we would set a precedent which could seriously impair the orderly administration of justice in our already overburdened trial courts. [Fn. omitted.]"
(4b) Appellant also took a calculated risk in choosing to ignore the notice for the April 21, 1983, deposition. Even if, as appellant contended below, there was a conflict of interest, appellant should have obtained a protective order and brought a motion to disqualify respondent's attorneys. (See, e.g., William H. Raley Co. v. Superior Court (1983) 149 Cal. App.3d 1042 [197 Cal. Rptr. 232].) The record supports the finding that appellant's decision to not attend the April 21 deposition was wilful.
*12 We are especially mindful of the fact that despite the seriousness of the matter, appellant failed to file any written opposition to respondent's two motions. As a result of appellant's demonstrated lack of concern and effort in opposing the motions and in establishing a more favorable record, the record contains no showing of any abuse of discretion. To the contrary, the record amply supports the finding that appellant acted wilfully in failing to attend both depositions.
Accordingly, the judgment is affirmed.
Lillie, P.J., and Johnson, J., concurred.
A petition for a rehearing was denied November 15, 1984, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1984.
NOTES
[1] While appellant has not raised the issue, we note that the record shows that Ms. Mendlin was not yet attorney of record on June 14, 1983. However, it is well established that "`"[t]he act of the attorney in entering the appearance of a defendant carries with it a presumption of due authority upon his part to do so."' [Citations.]" (Gagnon Co., Inc. v. Nevada Desert Inn (1955) 45 Cal.2d 448, 459 [289 P.2d 466].) Our review of the record discloses that the trial court had sufficient evidence before it to determine that appellant had discharged his attorney of record, Mr. Flesher. Thus the court was entitled to accept Ms. Mendlin's representation that she was attorney for respondent and authorized to act on his behalf. Our conclusion does not depend on the technicality of whether a substitution of attorney had been filed and approved: "While section 285 of the Code of Civil Procedure provides that when an attorney is changed, written notice must also be given to the adverse party, such notice is for the protection of the adverse party and may be waived by him. (Livermore v. Webb, 56 Cal. 489.) The party effecting the change cannot object to his own failure to give notice." (Anderson v. City Ry. Co. (1935) 9 Cal. App.2d 205, 207 [48 P.2d 969] [The appellate court rejected plaintiffs' argument that their attorney's appearance did not constitute a waiver of notice of the hearing of defendants' motion for a new trial because the attorney who appeared was not technically their attorney of record].)
[2] The record does not indicate, nor does appellant claim on appeal, that appellant specially appeared at the motion solely to contest jurisdiction (i.e., object to ex parte notice).