Filed 11/23/20  Renfro v. Best Buy Co. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTOPHER E. RENFRO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BEST BUY CO., INC., et al.,<br><br>Defendants and Respondents. | F076595, F076802<br><br>(Super. Ct. No. VCU265963)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment and order of the Superior Court of Tulare County. Bret D. Hillman, Judge.

Christopher E. Renfro, in pro. per., for Plaintiff and Appellant.

Vogl Meredith Burke, David J. Streza and Nicole L. Meredith for Defendants and Respondents.

-ooOoo-

In this personal injury action, defendants brought discovery motions and ex parte applications against plaintiff, to obtain original and further responses to written discovery, and to compel plaintiff to submit to a deposition and to an independent medical examination (IME).  Defendants' subsequent ex parte application for an evidentiary sanction, based primarily on plaintiff's failure to submit to the IME, was granted, and plaintiff was precluded from introducing evidence of his medical condition

at trial. The jury returned a verdict in defendants' favor, and plaintiff appeals. We find no error in the evidentiary sanction order and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, acting in propria persona, filed a complaint[1] against defendants,[2] alleging he was making a delivery to defendants' distribution center, which was in a fenced area controlled by a security guard. When he went to retrieve an empty trailer, the area was dimly lit and there was a "huge amount of trash." Another truck passed at a high rate of speed. Plaintiff looked up at it, forgot he was standing in trash, took steps, and tripped over a concrete parking bumper. Plaintiff grabbed at the trailer to keep from falling onto a board with nails in it, and cut his wrist on a sharp blade, causing permanent disability to his right hand. He alleged defendants were negligent in failing to properly light the area and failing to keep it clean, which proximately caused his injuries.

After plaintiff failed to serve a timely response to defendants' written discovery requests, defendants moved to compel a response, plaintiff filed opposition, and the trial court granted the motion, ordering plaintiff to provide complete, verified answers, without objections. Plaintiff filed a motion for reconsideration of that order, which was denied. Defendants subsequently filed a motion to compel compliance with the trial court's order; because the responses provided were incomplete and contained objections, the motion was granted.

---

[1]    Defendants' second motion to augment the record on appeal, filed May 20, 2019, is granted in part and denied in part. It is granted as to Exhibit A, the June 30, 2016 verified complaint. It is denied as to Exhibit B, defendants' September 21, 2017 memorandum of costs, which is already part of the clerk's transcript in consolidated case No. F076802. The motion is denied as to Exhibits C and D, defendants' Code of Civil Procedure section 998 settlement offers. There is no evidence they were filed with the trial court.

[2]    Plaintiff sued Best Buy Co., Inc.; apparently, defense counsel advised plaintiff the correct entity to sue was Best Buy Stores, L.P., and that entity answered the complaint. Plaintiff refused to dismiss Best Buy Co., Inc., so that entity also answered.

Defendants applied ex parte for an order compelling plaintiff to attend his deposition. Defense counsel declared plaintiff had appeared for his deposition more than 40 minutes late, then refused to testify. The application was granted.

Trial was set for August 21, 2017. On July 12, 2017, defendants filed an ex parte application to compel plaintiff to submit to an IME. Defendants had postponed the examination at plaintiff's request, but plaintiff later stated he might not attend. The trial court granted the application and ordered plaintiff to submit to the examination on July 18, 2017.

On July 28, 2017, defendants filed an ex parte application for an order imposing evidentiary sanctions against plaintiff. The application was based on plaintiff's continuing refusal to provide complete responses to written discovery requests and his refusal to submit to an IME. The application was heard on August 1, 2017, and continued to August 3, 2017, so plaintiff could serve his opposition and defendants could review it. Plaintiff's opposition asserted he appeared for the IME and was examined for two hours, but he refused to be examined further when it caused him pain and the doctor refused him pain medication. Plaintiff requested that the doctor be required to form his opinion based on plaintiff's medical records and the information he already acquired from the IME. On August 3, 2017, the trial court issued its order imposing evidentiary sanctions against plaintiff. It ordered that plaintiff "be precluded from offering any evidence at trial, including, but not limited to documentary or expert testimony, that reflects or concerns his medical condition that is at issue in this action." Plaintiff's subsequent ex parte application to reconsider that order was denied.

The jury trial commenced on August 21, 2017. Plaintiff testified to the facts surrounding the incident and the injury to his hand. He testified that he lost earnings as a result of his inability to work. The jury returned a special verdict in which it determined defendants were not negligent with respect to the incident. The jury did not reach the issues of causation and damages. Judgment was entered in favor of defendants and

against plaintiff, in accordance with the verdict. The trial court awarded defendants costs of $40,795.09. Plaintiff appeals from the judgment against him, and purportedly from an award of attorney fees. The appeals have been consolidated.

## DISCUSSION

### I. Appeal from the Judgment

#### A. Standard of review

The standard of review of an order imposing discovery sanctions is abuse of discretion. (*Estate of Ruchti* (1993) 12 Cal.App.4th 1593, 1601.) "Discovery sanctions are subject to reversal only for ' "arbitrary, capricious, or whimsical action." ' " (*Ibid*.) The appellant bears the burden of showing that the trial court abused its discretion. (*Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 10 (*Alliance Bank*).) Any subsidiary factual findings are reviewed for substantial evidence. (*Siry Investment, L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098, 1117, review granted July 8, 2020, S262081.)

#### B. Evidentiary sanctions

##### 1. Imposition of sanctions ex parte

Plaintiff contends sanctions may not be imposed ex parte. He asserts sanctions imposed ex parte violate due process and are void. Consequently, he concludes, the order imposing an evidentiary sanction precluding introduction of evidence of plaintiff's medical condition resulting from the alleged incident must be reversed, and the matter must be retried.

The trial court is authorized to impose sanctions, including a monetary sanction, an issue sanction, an evidentiary sanction, or a terminating sanction, against a party engaging in a misuse of the discovery process. (Code Civ. Proc.,[3] § 2023.030, subds. (a),

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4.

(b), (c), (d).) Misuse of the discovery process includes: failing to respond to or submit to an authorized discovery method; making an unmeritorious objection to discovery, without substantial justification; disobeying a court order to provide discovery; and opposing, unsuccessfully and without substantial justification, a motion to compel discovery. (§ 2023.010, subds. (d), (e), (g), (h).) "A request for a sanction shall, in the notice of motion, identify every person, party, and attorney against whom the sanction is sought, and specify the type of sanction sought." (§ 2023.040.)

In this appeal, plaintiff does not challenge the trial court's finding that he misused the discovery process. He does not assert there was an insufficient factual basis for imposition of the evidentiary sanction. He challenges only the imposition of the sanction based on ex parte notice.

In *Alliance Bank*, the defendant refused to appear for his properly noticed deposition. (*Alliance Bank*, *supra*, 161 Cal.App.3d at p. 4.) The trial court granted a motion to compel him to attend his deposition; it also ordered that, if the defendant did not comply, "upon ex parte application and at least 2 days written notice, the court may grant relief requested," which included striking the defendant's answer and entering his default. (*Ibid.*) On June 6, 1983, the plaintiff served by mail an ex parte application for an order striking the defendant's answer and entering his default, to be heard on June 14, 1983. The defendant's attorney appeared at the hearing on June 14. (*Ibid.*) The trial court entered an order striking the defendant's answer and entering his default. (*Id.* at pp. 4–5.)

The court found the portion of the trial court's order authorizing an ex parte application for sanctions violated the statutory requirement of a noticed motion and constitutional due process notice requirements. (*Alliance Bank*, *supra*, 161 Cal.App.3d at pp. 5–6.) The court went on to conclude, however, that because the defendant appeared through counsel at the ex parte hearing and opposed the motion on the merits, he waived the defective notice of motion. (*Id.* at p. 7.) " 'It is well settled that the appearance of a

5.

party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.' " (*Id*. at pp. 7–8.)

Plaintiff also relies on *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199 (*Sole Energy*) for the proposition that sanctions cannot be imposed ex parte. In *Sole Energy*, the trial court had entered the defaults of four defendants as a sanction for discovery abuses. (*Id*. at p. 201.) The court "reverse[d] the judgment because the defendants did not receive notice their defaults might be entered as a discovery sanction and were not provided an opportunity to be heard on the matter. The defendants were denied due process because sanctions for the abuse or misuse of discovery may not be awarded ex parte." (*Id*. at p. 202.)

Although *Sole Energy* cited *Alliance Bank* for the proposition that "[d]iscovery sanctions may not be ordered ex parte, and an order purporting to do so is void" (*Sole Energy*, *supra*, 128 Cal.App.4th at p. 208), the problem in *Sole Energy* was that neither the notices of motions to compel, nor the ex parte applications for orders shortening time to have the motions heard immediately, notified the defendants that the plaintiffs were seeking, or that the trial court might impose, terminating sanctions. (*Id*. at pp. 203–204.) The court noted that an ex parte application, like a notice of motion, must notify the responding party of the relief being sought. (*Id*. at p. 207.) The plaintiffs' ex parte notice only mentioned monetary sanctions. (*Id*. at p. 204.) The statute authorizing sanctions for discovery abuses requires a notice of motion, which must "identify every person, party, and attorney against whom the sanction is sought, and specify the type of sanction sought." (*Id*. at p. 207.) The plaintiffs' notices of motion merely sought "sanctions," without specifying the type of sanctions. (*Id*. at pp. 208–209.) Additionally, one of the

defendants whose default was entered was not named in any of the discovery orders, motions to compel, or ex parte applications. (*Id*. at p. 209.) The court determined the lack of notice that terminating sanctions might be imposed violated due process, and the orders entering the defendants' defaults were therefore void. (*Id*. at p. 210.)

*Sole Energy* did not address the second aspect of the *Alliance Bank* decision: the waiver of any defect in, or lack of, notice when the responding party appears at the ex parte hearing and argues the matter on the merits. There is nothing in the opinion that suggests any of the defendants appeared at the ex parte hearing and argued the matter.

"The principal purpose of the requirement to file and serve a notice of motion a specified number of days before the hearing [citation] is to provide the opposing party adequate time to prepare an opposition." (*Arambula v. Union Carbide Corp*. (2005) 128 Cal.App.4th 333, 343.) "A party who appears at the hearing on a motion and contests the motion on the merits without objecting to a defect or irregularity in the notice of motion ordinarily is deemed to waive the defect or irregularity, including the failure to serve a notice of motion the prescribed number of days before the hearing." (*Id*. at p. 342.) "Courts applying the waiver rule generally have concluded that the party's appearance at the hearing and opposition on the merits showed that the notice 'served its purpose,' despite any defect [citations], and that any defect in the notice did not prejudice the party's preparation for the hearing and opportunity to be heard." (*Id*. at p. 343.)

On July 27, 2017, defendants served on plaintiff by mail an ex parte application for an order imposing evidentiary sanctions on plaintiff, with supporting papers; the matter was set to be heard August 1, 2017. Defendants also gave notice of the ex parte application by telephone on July 27, 2017. Plaintiff filed his opposition on August 1, 2017. Both parties appeared that day, and the trial court continued the matter to August 3, 2017, to allow plaintiff time to serve his opposition on defendants, and to allow defendants to review that opposition.

Plaintiff's written opposition addressed the request for sanctions on the merits, arguing: he did submit to an IME; the doctor examined his hand; plaintiff was in pain, but the doctor would not allow him to take pain medication; and the doctor should have been able to evaluate the condition of his neck, lower back, thoracic area, and ulnar nerve based on his medical records. Nothing in the record indicates plaintiff objected to the short notice or requested a continuance of the ex parte matter to allow him additional time to respond to defendants' request for sanctions. The trial court did continue the initial hearing on counsel's request, indicating a willingness to allow the parties more time, if needed.

We conclude plaintiff forfeited any objection to the shortened notice for the hearing of defendants' request for sanctions by appearing at the ex parte hearing and arguing the merits of the request.

### 2. Reconsideration

After the trial court entered the order imposing the evidentiary sanction, plaintiff applied ex parte for reconsideration of that order. The application was denied. Plaintiff argues his request for reconsideration did not nullify the alleged due process violation, i.e., the lack of notice of the request for evidentiary sanctions. Our determination that the order for sanctions was properly entered is not based on the subsequent request for reconsideration and the opportunity it gave plaintiff to present further argument and evidence to the trial court.

Plaintiff does not argue that the request for reconsideration should have been granted and was improperly denied. Consequently, we will not address that issue.

### 3. Prejudice

"An appellant bears the burden to show not only that the trial court erred, but also that the error was prejudicial in that it resulted in a miscarriage of justice. [Citations.] An error is prejudicial and results in a miscarriage of justice only if the reviewing court concludes, based on its review of the entire record, that it is reasonably probable that the

8.

trial court would have reached a result more favorable to the appellant absent the error." (*Jones v. Farmers Ins. Exchange* (2013) 221 Cal.App.4th 986, 999.) In addition to failing to establish any error in imposition of the evidentiary sanction order, plaintiff has not demonstrated that the order was prejudicial to him.

In his opening brief, plaintiff argues he was prejudiced because he was unable to present evidence at trial of the seriousness of his injury. He could not present photographs of the injury or reports of his impairment. The jury might have thought there was no injury grave enough to warrant damages. In his reply brief, plaintiff asserts he was precluded from offering "any evidence" at trial, including evidence of duty and standard of care, such as photographs of the scene and the trash, and evidence of statutory requirements.

The sanction order precluded plaintiff "from offering any evidence at trial … that reflects or concerns his medical condition that is at issue in this action." It did not preclude him from addressing defendants' duty and the applicable standard of care, or from introducing evidence of defendants' alleged wrongful conduct, its causation of plaintiff's injury, or the occurrence of his injury. The order precluded medical evidence of the nature and extent of plaintiff's injury, because defendants were denied the opportunity to fully develop evidence on that subject by plaintiff's refusal to respond to discovery requests and submit to an IME. Plaintiff did in fact present evidence of the condition of the premises where the injury occurred, the manner in which he was injured, the injury to his hand, and his inability to work because of the injury.

Plaintiff has not demonstrated prejudice from his inability to introduce evidence of his medical condition. The jury returned a verdict finding defendants were not negligent. Having found in favor of defendants on the issue of liability, the jury never reached the issue of damages. Consequently, even if plaintiff had been permitted to present evidence of his medical condition, it was not reasonably probable the jury would have reached a

9.

result more favorable to plaintiff. Plaintiff has failed to demonstrate prejudicial error arising from the sanctions order.

### C. Monetary sanctions for IME cancellation

Plaintiff challenges a July 28, 2017 order, which was entered after the July 13, 2017 ex parte proceeding in which defendants requested an order compelling plaintiff to submit to an IME. He asserts the order improperly imposed sanctions of $1,347 ex parte.

The minute order from the July 13, 2017 ex parte proceeding granted defendants' request to compel attendance by plaintiff at an IME. It warned that, if plaintiff failed to appear for the scheduled IME, the court might impose sanctions for the doctor's costs and attorney's fees, and the court might consider precluding any medical testimony. The formal order, file stamped July 28, 2017, ordered plaintiff to submit to an IME on a specified date. It warned that, if plaintiff failed to submit to the IME, "sanctions would be issued" in the amount of the cancellation fee and attorney's fees. The portion of the attorney-prepared order imposing sanctions was marked out, and the words "sanctions reserved" were handwritten above the judge's signature.

On August 7, 2017, defendants served on plaintiff a notice of entry of the July 28, 2017 formal order, but the attached order did not have the sanctions portion marked out or the handwritten words, "sanctions reserved." Thus, it appeared to impose sanctions of $1,347.50 on plaintiff. The attached document was marked "copy" and had the judge's signature stamped on the signature line.

The August 3, 2017 order imposing evidentiary sanctions also imposed monetary sanctions of $1,070 for attorney fees and costs for that ex parte proceeding, and for plaintiff's "refusal to cooperate in the undertaking of the uncompleted IME."

To the extent the July 28, 2017 order attached to the August 7, 2017 notice of entry of order purports to impose a monetary sanction on plaintiff, it is invalid. First, it does not accurately reflect the order made by the judge and entered in the minutes at the July 13, 2017 ex parte hearing or the formal order signed by the judge. Second, the order

10.

was entered after an ex parte proceeding at which plaintiff did not appear. Consequently, plaintiff did not waive the lack of notice, and the general rule that sanctions may not be imposed ex parte applies. Third, the trial court entered a subsequent order for monetary sanctions that encompassed the costs of the IME that plaintiff did not complete. To give effect to the July 28, 2017 order attached to the notice of entry would result in duplicate monetary sanctions awards for the same conduct.

For all these reasons, the portion of the July 28, 2017 order, which was attached to the August 7, 2017 notice of entry of order and purports to impose monetary sanctions of $1,347.50 against plaintiff, is void and unenforceable.

### D. Other ex parte orders

Plaintiff also purports to challenge other ex parte sanctions orders. He identifies a May 22, 2017 order compelling him to attend his deposition. No order for sanctions was included in that order. Plaintiff also challenges the order entered on a June 21, 2017 ex parte request by defendants to continue trial. That request was denied, and no sanction order was made. Finally, plaintiff challenges the order made on defendants' ex parte request for terminating sanctions. That request was also denied, and no sanctions were ordered.

Plaintiff has not established error in any of these ex parte orders.

## II. Appeal from Award of Attorney Fees

After the trial and the verdict in favor of defendants, defendants filed a memorandum of costs. It sought an award of costs in the amount of $40,795.09, which included $29,800 for expert witness fees. The trial court entered judgment in favor of defendants and against plaintiff and awarded costs in the amount requested. In addition to appealing from the judgment after jury trial, plaintiff also appealed from the judgment "ordering the attorney fees in the amount of $40,795.09." (Capitalization omitted.)

11.

To the extent plaintiff argues that an award of attorney fees was improper because it was not authorized by statute or contract (see § 1033.5, subd. (a)(10)), the argument is moot. The trial court did not award any attorney fees.

Plaintiff also challenges specific items claimed in defendants' memorandum of costs, including the charge for expert witness fees. He argues that fees of experts, not ordered by the court, are generally not recoverable as costs. (See § 1033.5, subd. (b)(1).) He asserts there is no evidence in the record of a section 998 offer by defendants that would form the basis for an award of expert witness fees.

"As a general rule, issues not raised in the trial court cannot be raised for the first time on appeal." (*Esparza v. KS Industries, L.P.* (2017) 13 Cal.App.5th 1228, 1237.) " 'An appellate court will not consider procedural defects or erroneous rulings where an objection could have been, but was not, raised in the court below.' [Citation.] It is unfair to the trial judge and to the adverse party to take advantage of an alleged error on appeal where it could easily have been corrected at trial." (*Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 776.)

Plaintiff did not challenge defendants' request for an award of costs in the trial court by filing a timely motion to tax costs. (See Cal. Rules of Court, rule 3.1700(b).) He did not challenge the award of expert witness fees. If he had done so, defendants would have been alerted to his objection and could have submitted proof of their section 998 offer, if that was the basis of the award. Because plaintiff did not raise any issues regarding the propriety of the award of costs, or of any of the items included in the award, he forfeited those issues and we decline to consider them in this appeal.

**DISPOSITION**

The judgment is affirmed. The trial court is directed to strike the July 28, 2017 Order Granting Ex Parte Application to Compel Independent Medical Examination, which is attached to defendants' August 7, 2017 Notice of Entry of Judgment or Order, to

the extent it indicates monetary sanctions were imposed against plaintiff.  Defendants are entitled to their costs on appeal.


                                                                    HILL, P.J.

WE CONCUR:


SMITH, J.


MEEHAN, J.