Filed 2/24/26  Travel, Entertainment, and Marketing v. Delino CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TRAVEL, ENTERTAINMENT, AND MARKETING, LLC<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN DELINO, et al.,<br><br>    Defendants and Appellants. | B342675<br><br>(Los Angeles County Super. Ct. No. 21SMCV00061) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Reversed and remanded with directions.

Williams Iagmin, Jon R. Williams for Defendants and Appellants.

John L. Dodd & Associates, John L. Dodd and Bendel Law Group, Jason R. Bendel for Plaintiff and Respondent.

The sole issue in this appeal is whether the trial court abused its discretion by imposing terminating sanctions against defendants for failure to comply with a discovery order. We conclude that, under the circumstances of this case, the court erred in ordering terminating sanctions as the initial remedial measure. At the time sanctions were imposed, the trial was two months away, and the record does not show that lesser sanctions would have failed to obtain defendants' compliance. We therefore remand the matter to the trial court to consider the appropriate sanctions for defendants' violation of the discovery order. The court has broad discretion on remand to impose a sanction, or combination of sanctions, that is less severe than a terminating sanction.

## BACKGROUND

Travel, Entertainment, and Marketing, LLC (Team) sued its former employee, Brian Delino, and his company, BigDaddyFormals, LLC (collectively, Delino), alleging Delino misappropriated Team's business, customers, and prospective clients. Delino filed a cross-complaint, alleging Team violated various provisions of the Labor Code when he was a Team's employee, and, once he left, Team tortiously interfered with his business.

In April 2023, Team served Delino with requests for production of documents and special interrogatories. Delino's responses to the document requests consisted largely of boilerplate objections (e.g., the requests are overbroad, not reasonably particularized, and seek confidential trade secret information). Delino responded to certain special interrogatories, and objected to others (such as an interrogatory seeking the

2

name of his first client) on the purported grounds of trade secret privilege and third-party privacy rights.

Team also noticed the deposition of Brian Delino, which included a request to produce documents. In response, Delino's counsel objected to these document requests with similar boilerplate objections, including that the requests are not reasonably particularized, overbroad, and the documents requested are protected by the responding party's right to privacy. Delino appeared for his deposition, but on many occasions refused to and/or was instructed not to answer the questions. Delino also failed to produce the documents listed in the deposition notice.

In October 2023, Team filed motions to compel further responses to the document requests and special interrogatories, and, about two months later, filed a motion to compel Delino's testimony at his deposition and production of documents. Team also sought monetary sanctions.

The trial court heard all three discovery motions on January 8, 2024. The court granted the motions to compel further responses to the special interrogatories and document requests, and ordered Delino provide supplemental responses and documents by January 17, 2024. It also granted Team's motion to compel Delino's testimony at his deposition and to produce documents at the deposition. The court denied Team's request for monetary sanctions, however, on the ground that it could not conclude that the arguments raised by Delino in his opposition papers were made without substantial justification.

On January 12, counsel exchanged emails regarding scheduling a mediation in February or March. Delino's counsel asked whether Team's counsel would agree "to staying all

discovery issues until mediation is complete."  Team's counsel replied that he could not agree to stay the discovery until March. But Team's counsel provided an alternative proposal: "If you want to try and mediate before the discovery is due, we should mediate next week. . . .  Maybe mediate toward the end of this month with documents due 10 days after the mediation?  One other thought . . . you and I try and settle the case before the [documents] are due [on January 17] and I give you an extra 10 days to produce?  Let me know if you want to discuss."  Delino's counsel agreed with the "proposed option of attempting to settle with the document production extended 10 days."

On January 19, the parties filed a stipulation to continue the final status conference and the January 29, 2024 trial date. The stipulation further provided that "discovery is reopened and discovery and law and motion cut-offs shall be governed by the new [final status conference] and [t]rial date."  The stipulation also noted that mediation was scheduled for March 19, 2024. Based on the parties' stipulation, the court issued an order continuing the trial date to June 24, 2024, and ordered that all discovery deadlines be continued to correspond to the new trial date.

On February 9, having not received supplemental responses or documents, Team filed a motion for terminating sanctions or, alternatively, monetary sanctions.  Delino opposed, arguing in part that the parties agreed to extend the discovery response date to 10 days after the mediation, and thus, the responses were not yet due.

On February 22, Delino filed a petition for writ of mandate in this court seeking relief from the trial court's order granting

Team's motions to compel. On March 6, 2024, a different panel of this court summarily denied the petition.

The trial court held an initial hearing on Team's motion for terminating sanctions and monetary sanctions on March 8, and issued a tentative ruling granting the motion. At Delino's request, however, the court continued the hearing to April 22 to allow Delino time to seek review in the California Supreme Court of this court's denial of his writ petition.

At the April 22 hearing, the court stated it intended to adopt its tentative ruling issued for the March 8 hearing (with one change regarding the date for Team to submit default prove-up papers). Delino's counsel requested the court "impose an incremental sanction," explaining that he produced several documents during the previous week, and he planned on producing additional documents that day. He therefore asked the court "to set one last deadline" for his client to produce all the documents requested by the end of the day or the following morning. The trial court denied the request, and adopted the tentative ruling as the order of the court.

In its written ruling, the trial court rejected Delino's claim that the parties agreed to a 10-day extension after mediation, explaining that Team made clear that the ten-day extension was as of the due date imposed by the court, and the parties stipulated that document production would take place before the mediation. The court thus found that Delino's interpretation of the ten-day extension "is belied by statements made in [the parties'] own stipulation." The court further found Delino willfully failed to comply with the discovery order and that Delino has "not acted in good faith and with reasonable diligence." The court noted that the discovery sought "goes to the heart of the

5

case" including whether Delino stole Team's customer lists, prospect lists, vendor information and pricing information. It therefore struck the answer and cross-complaint, and awarded sanctions in favor of Team in the amount of $5,820.

Team subsequently submitted its request for judgment and supporting declarations. On October 2, the trial court entered judgment in Team's favor for $957,757.61.

Delino timely appealed from the judgment.

## DISCUSSION

The California discovery statutes authorize a range of penalties for a party's failure to comply with a discovery order, including monetary sanctions, evidentiary sanctions, issue sanctions, and terminating sanctions. (Code Civ. Proc., §§ 2023.010, 2023.030.) The court has broad discretion in selecting the appropriate remedy, and we must defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling. (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604 (*Lopez*).) Despite this broad discretion, however, "[a] decision to order terminating sanctions should not be made lightly" (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279 (*Mileikowsky*)) and "should be used sparingly." (*Lopez* at p. 604.)

The trial court is justified in imposing the ultimate sanction when, after considering the totality of the circumstances, the discovery violation is "willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules." (*Mileikowskly*, *supra*, 128 Cal.App.4th at pp. 279—280.) "Although in extreme cases a court has the authority to order a

6

terminating sanction as a first measure [citations], a terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective." (*Lopez*, *supra*, 246 Cal.App.4th at p. 604.) This is because a terminating sanction "eliminates a party's fundamental right to a trial, thus implicating due process rights." (*Ibid*.)

Applying these principles, we conclude the trial court abused its discretion by imposing a terminating sanction as a first measure. Although we defer to the trial court's credibility determinations, and substantial evidence supports the court's finding that Delino's failure to comply with the discovery order was willful, the record does not clearly show lesser sanctions would be ineffective. Indeed, the record supports the contrary conclusion. At the April 22 hearing, Delino's counsel represented that he had produced several documents during the previous week—including, the vendor list, contract lists, and all the company's bank records—and he planned on producing additional documents that day, which was over two months before trial was set to begin. While we certainly do not condone Delino's willful disobedience of the court's order, simply put, the record does not show that this is one of those "extreme cases" warranting terminating sanctions as the first sanction imposed.

*Lopez* is directly on point. In *Lopez*, the trial court granted the plaintiff's motion to compel documents requested in a deposition notice. (*Lopez, supra*, 246 Cal.App.4th at p. 605.) The defendant made no effort to comply with the discovery order; instead it continued to repeat its previously unsuccessful objections. (*Id*. at p. 605.) The trial court emphasized the

7

defendant's "failure to take *any* steps—however minimal—toward complying with the court's order." (*Ibid*.) Based on these findings, the court ordered terminating sanctions as the first and only sanction imposed. (*Ibid*.) After acknowledging there was "no question that [the defendant] willfully failed to comply" with the discovery order, the Court of Appeal reversed, reasoning: "The fundamental flaw with the court's approach is that there is no basis in the record showing the court could not have obtained [the defendant's] compliance with lesser sanctions or that another sanction could not effectively remedy the discovery violation. To the contrary, the record supports that the court had numerous tools at its disposal to compel compliance before imposing the ultimate sanction. For example, the court could have imposed a significant monetary penalty for every day [the defendant] did not search for the documents or for each day the responsive documents were not produced." (*Ibid*.)

So too here. As discussed above, Delino's counsel urged the court to impose an "incremental sanction" and set a final deadline for production by the end of the day of the hearing or the following morning. And, unlike in *Lopez*, here, Delino's counsel represented that he had in fact taken steps toward complying with the order by producing at least some of the requested documents. Thus, even assuming the court had considered imposing a lesser sanction and concluded such a sanction would not be effective, the record does not support that finding.

Despite Delino's heavy reliance on *Lopez* throughout his opening brief on appeal, Team does not even mention, much less discuss or attempt to distinguish it. Instead, Team first relies on *Lang v. Hochman* (2000) 77 Cal.App.4th 1225. But *Lang* does not support Team's position. In *Lang*, the court first imposed

8

monetary sanctions even though it found defendants engaged in "egregious and inexcusable" conduct. (*Id*. at p. 1233.) Then, only after monetary sanctions failed to cure defendants' misuse of the discovery process, which included knowingly failing to turn over documents in response to numerous discovery requests and court orders, the trial court imposed terminating sanctions. (*Id*. at 1240.) The trial court observed: "[T]his is one of the most egregious discovery cases that this bench officer has had an occasion to see where there is a tactical and what this Court believes to be a willful refusal to comply with discovery, precluding the plaintiffs their right to prepare for trial and to process their case before this court." (*Id*. at p. 1235.) Based on defendants' willful obstruction of discovery, combined with the trial court's incremental approach to sanctions, the Court of Appeal concluded the trial court did not abuse its discretion in ordering terminating sanctions. (*Id*. at p. 1244.) No similar facts and circumstances are present here.

Team also cites *Laguna Auto Body v. Farmers Exchange* (1991) 231 Cal.App.3d 481, disapproved on other grounds in *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 478, fn. 4 and *Collisson & Kaplan v. Hartunian* (1994) 21 Cal.App.4th 1611 for the proposition that there need not be a series of sanctions orders or a monetary sanctions order before a trial court may order terminating sanctions. (See also *Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 10 ["[T]he unsuccessful imposition of a lesser sanction is not an absolute prerequisite"].) While we do not disagree with this general proposition, it does not change our conclusion that, on this record—where there is no evidence that lesser sanctions would have failed to obtain Delino's compliance with the discovery order, and the trial date was still two months

9

away—the court erred in ordering terminating sanctions as an initial measure.

## DISPOSITION

The order granting terminating and monetary sanctions against defendants and the subsequent default judgment entered in plaintiffs' favor are reversed. On remand, the trial court shall reconsider the appropriate sanctions for Delino's violation of the discovery order, which may include substantial monetary sanctions or any other combination of sanctions that are less severe than a terminating sanction. The parties shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

MORI, J.